## ATLANTA HOME INSURANCE COMPANY *v.* SMITH *et al.*

HOLDEN, J.  The defendants in error applied to one who was the agent of an insurance company for a policy of fire insurance on their plant, fixtures, etc., stating to the agent that the insured premises were located on leased ground, owned by a third person.  The agent applied to stated that he would be glad "to write the insurance," and, after examining the property, stated that "any policy he issued would be all right." This agent, after "consulting" the agent of the company issuing the policy, "made out slips for this particular policy." The latter agent countersigned and issued the policy and delivered it to the first-named agent, who in turn delivered it. to the assured and received from them payment of the premium, commissions on which were divided between the two agents.  The agent dealing directly with the assured did not communicate to the agent issuing the policy the information given by the assured with respect to the title of the land on which the insured property was located.  The member of the firm, who in behalf of the firm made the application for insurance, paid the premium, and received the policy, testified he did not know until the fire occurred that the latter agent was the agent of the company issuing the policy, or had any connection with the issuance of the policy:  The policy when delivered had on it a "paster," on which was printed the name and address of the agent to whom the assured made application, and the words, "Insurance, Fire," etc., though such paster was not on the policy when it was delivered to such agent.  The commission allowed agents on the policy was divided between the agents countersigning it and the agent of the other company to whom it was delivered, who delivered it to the assured.  It was usual between the agents representing the defendant and the other agent to do so.  This practice was confined to the two agents, doing business in Savannah, they not being members of the local board, which. prohibited its members from dividing commissions on policies thus issued.  No agent of the company issuing the policy inspected the property.  The agent of this company, after the fire, offered to return to the assured the premium paid by the latter, and it was

refused.   After loss, the assured brought suit on the policy, which
the insurer defended on the ground that there had been a breach of the
stipulation of the policy that "This entire policy, unless otherwise pro-
vided by agreement endorsed hereon or added hereto, shall be void,
.  . if the interest of the insured be other than unconditional and
sole ownership; or if the subject of insurance be a building on ground
not owned by the insured in fee simple." *Held*, that under the facts stated,
the · agent who received the application and delivered the policy was
an agent of the insurer, and the knowledge of such agent, at the time
of the issuance of the policy, of the status of the title to the ground
on which the insured building was located was imputable to the in-
surer and estopped it from claiming a forfeiture of the policy on ac-
count of a breach of its conditions respecting the ownership of the
assured, above quoted.    3 Cooley's Briefs on Ins. 2529-2530, 2491;
*Springfield Fire &c. Ins. Co.* v. *Price*, 132 *Ga.* 687 (64 S. E. 1074);
*Athens Mutual Ins. Co.* v. *Ledford*, 134 *Ga.* 500 (68 S. E. 91); *Mester-
man* v. Home Mutual Ins. Co., 5 Wash. 524 (32 Pac. 458, 34 Am.
St. R. 877).                    *Judgment affirmed.   All the Justices concur.*
            JUNE 19, 1911.   REHEARING DENIED JULY 14, 1911.

Action upon insurance policy.  Before Judge Charlton.  Chatham
superior court.  July 1, 1910.

*Payne, Little & Jones* and *Lawton & Cunningham,* for plaintiff
in error.  *Travis & Travis* and *Adams & Adams,* contra.

