# Fidelity-Phoenix Fire Insurance Co. *v.* Ray.

### Assumpsit.

(Decided May 11, 1916. 72 South. 98.)

1. **Insurance; Fire; Limitation; Waiver.**—Where, at the time of the issuance of the fire insurance policy, plaintiff fully advised defendant's agent that there was a mortgage on the property, and the property was sold under foreclosure proceedings under the mortgage before the loss, the insurance company could not refuse payment under a provision in the policy that it should be void if the interest of the insured be other than unconditional and sole ownership of the property.

2. **Same.**—A provision in a policy that it should be void if foreclosure proceedings be commenced or notice of the foreclosure sale of the property be given with knowledge of the insured, was waived under a provision of the policy authorizing the insurance company to cancel the policy by giving five days' notice, where the insurance company failed to cancel the policy, it having knowledge that the property was advertised for sale for three weeks.

3. **Agency; Authority.**—An insurance company is bound by the ostensible or apparent authority of its agents; the test being his actual power as held out to the world, in the absence of knowledge of limitations thereon on the part of persons dealing with such agent.

4. **Same; Forfeiture; Waiver.**—By denying liability on one ground of forfeiture alone, an insurance company waives all other grounds of forfeitures or breaches of the conditions of the policy.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by C. G. Ray against the Fidelity-Phoenix Fire Insurance Company. Judgment for plaintiff and defendant appeals. Affirmed.

CHARGES A. CALHOUN, for appellant. FINCH & PENNINGTON, for appellee.

GARDNER, J.—Suit by appellee against appellant, substantially in Code form, on a fire insurance policy. This is the second appeal in the cause. See *Ray v. Fidelity-Phoenix Ins. Co.*, 187 Ala. 91, 65 South. 586.

The defense of failure on the part of the plaintiff to make and render to the defendant company within 60 days after the fire proof of loss as specified in the policy, and the replications of the plaintiff with reference to such pleas, were treated by this court on the former appeal and need no comment here.

(1) The defense was pleaded in plea 5 that the policy contract provided that the policy should be void if the interest of the insured be other than unconditional and sole ownership of said property, and that at the time of the issuance of the policy there was a mortgage on said property which was unknown to defendant or its authorized agent, and at the time of the loss complained of said property had been sold under a foreclosure proceeding under the terms of said mortgage; one J. B. Whitehead being the purchaser.

In replication 4 to plea 5 plaintiff set up that one McLaughlin was the agent of the defendant and that as such agent he countersigned the said policy of insurance and issued it, or procured its issuance, to the plaintiff; and that before and at the time of the issuance of said policy the plaintiff fully advised said McLaughlin as such agent, and fully disclosed to him the character of his title, and that, with full knowledge of the true condition of the plaintiff's ownership and title, said agent issued plaintiff the insurance, accepting the premium thereon, and delivering the policy to plaintiff. The sufficiency of this replication was challenged by demurrer, which was overruled. This ruling was without error.—*Pope v. Glens Falls Co.*, 130 Ala. 356, 30 South. 496.

(2) The defendant, by plea 2, invoked the further defense that the policy contract provided that the same should be void if,

with the knowledge of the insured, foreclosure proceedings be commenced or notice given of any property covered by virtue of any mortgage, and that said property had been mortgaged by the plaintiff and sold under the power of sale therein, of which sale the plaintiff had notice, and that the foreclosure deed was delivered and the sale made prior to the loss.

The plaintiff in replication 6 to said plea 2 answered that there was a provision in said policy authorizing the defendant to cancel the same by giving five days' notice of such cancellation, that the defendant had knowledge that the property covered by said policy was advertised for sale under the power contained in said mortgage for three weeks before it was sold under said power, and that the defendant, with full knowledge of said facts, failed to cancel the policy of insurance and thereby waived said condition.

"The stipulations in the policy against the increase of hazard are provisions inserted in the contract for the benefit of the insurer, and it is a well-settled principle of law that such provisions may be waived by the acts and conduct of the insurer."— *Cassimus Bros. v. Scottish Union, etc., Co.,* 135 Ala. 256, 33 South. 163.

In the above-cited case replications 12, 13, 14, and 15 were held not subject to demurrer. These replications invoked the same principle as sought to be applied in replication 6 in the instant case. See, also, note to case of *Johnson v. Ætna Ins. Co.,* 107 Am. St. Rep. 130.

(3) Counsel for appellant also argues that the replications are insufficient for the failure to allege that the agent had authority from the company to waive any condition or forfeiture. This argument, however, leaves out of view the rule of law that in such cases it is the agent's ostensible or apparent authority— that which he is held out to the world to possess—which is the test of his actual power in the absence of knowledge of limitations thereon on the part of persons dealing with such agent.— *Penn. F. I. Co. v. Draper,* 187 Ala. 103, 65 South. 923.

(4) Some of the replications invoke the principle that the defendant, by denying liability upon one ground of forfeiture alone, waived all other grounds of forfeiture or breaches of the conditions of the policy, as recognized by this court (*Ga. Home Ins. Co. v. Allen,* 128 Ala. 451, 30 South. 537), and were not subject to demurrers.

Much stress is laid in argument of counsel upon the refusal of the court to give the affirmative charge for the defendant. We deem it unnecessary to discuss the evidence in the case. It has, however, been carefully considered, and we are of the opinion that it was sufficient for submission to the jury of the issues presented by the pleading, and that the charge was properly refused.

It is also urged that the court below erred in refusing a new trial on the ground that the verdict was contrary to the great weight of the evidence. In this connection we are invited by counsel for appellant to depart from the rule announced in *Cobb v. Malone*, 92 Ala. 630, 9 South. 738. The rule as there announced has been consistently followed by this court for many years, and is too well established to be now disturbed. Nor, indeed, are we persuaded by the argument that there is any sound reason for its overthrow. The evidence in the case has been carefully examined in the light of this rule, and we are not prepared to say that the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

The few remaining questions presented are found to be without merit.

It results that the judgment of the court below will be affired.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.