(97 South. 82)

## NEW BRUNSWICK FIRE INS. CO. v. NICHOLS. (6 Div. 614.)

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 28, 1923.)

**1. Appeal and error ⊚═1078(1)—Ruling not argued deemed waived.**

A ruling not argued and insisted on in the brief is deemed waived.

**2. Landlord and tenant ⊚═92(1)—Lease and option construed together.**

Where option to purchase was executed because of execution of lease•of the premises, the two instruments are to be construed together.

**3. Insurance ⊚═146(3) — Policies construed strictly against insurer.**

Policies are construed strictly against the insurer and liberally in favor of insured.

**4. Insurance ⊚═282(8)—Tenant with unexercised option is not fee-simple owner.**

A tenant with an unexercised option to purchase the leased premises *held* not the owner in fee simple of the premises, as required by fire policy.

**5. Insurance ⊚═389(2)—Issuance of policy with the knowledge of ownership of land waives policy condition of fee-simple title.**

Where a fire policy conditioned that the land on which the insured building stands be owned by insured in fee simple is delivered notwithstanding knowledge of the insurer, through its agent, that the building is in leased ground, the condition is waived.

**6. Insurance ⊚═378(2)—Agent through whom insured made application held agent of insurer.**

Where agent for one insurance company solicited fire insurance from insured, and, when

that company declined to carry the insurance, such agent placed the insurance with another company, represented by other agents, he retaining two-thirds of the commission, and remitting to such agents one-third, and delivered the policy to insured, *held*, that he was the agent of the company last insuring.

McClellan, J., dissenting in part.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Suit on fire insurance policy by Wade H. Nichols against the New Brunswick Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Coleman, Coleman, Spain & Stewart, of Birmingham, for appellant.

A lessee of real estate, holding an option to purchase, is not the sole and unconditional owner nor fee-simple owner thereof, within the meaning of these terms as used in the standard New York fire insurance policy. Joyce on Insurance, 2044; Finlon v. National Union Fire Ins. Co., 65 Or. 493, 132 Pac. 712; Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 South. 500; Richardson v. Hardwick, 106 U. S. 255, 1 Sup. Ct. 213, 27 L. Ed. 145; Phenix Ins. Co. v. Kerr, 129 Fed. 726, 64 C. C. A. 251, 66 L. R. A. 569; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Capital City Ins. Co. v. Caldwell Bros., 95 Ala. 88, 10 South. 355; Phenix Ins. Co. v. Bowdre, 67 Miss. 620, 7 South. 596, 19 Am. St. Rep. 326; monographic note, 20 L. N. S. 755. Nonwaiver agreements are favored by the courts, as tending to minimize litigation. There is no tendency in the later decisions to discourage them, nor technically construe them. Queen Ins. v. Young, 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51; Day v. Home Ins. Co., 177 Ala. 600, 58 South. 549, 40 L. R. A. (N. S.) 652; Penn Fire Ins. Co. v. Draper, 187 Ala. 103, 65 South. 923; Ins. Co. of North America v. Williams, 200 Ala. 681, 77 South. 159. The replications in this cause are' insufficient to show waiver of the policy provisions contained in the pleas. Georgia Home Ins. Co. v. Allen, 128 Ala. 456, 30 South. 537; Feibelman v. Manchester Fire Ins. Co., 108 Ala. 180, 19 South. 540; Day v. Home Ins. Co., supra. Policy provisions requiring a full statement in the face of the fire insurance policy of the interest of the assured in the property covered thereby, are reasonable and will be upheld. Pelican Ins. Co. v. Smith, 92 Ala. 428, 9 South. 327; Western Assurance Co. v. Stoddard, 88 Ala. 606, 7 South. 379; Brown v. Commercial Fire Ins. Co., 86 Ala. 189, 5 South. 500.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

Where the insured owns the building and is in possession of the land under a lease and option to purchase, there is no breach of the provision of the policy for unconditional ownership, etc. Comm. Union Assur. Co. v. Ryalls, 169 Ala. 517, 53 South. 754; Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Exchange, etc., v. Bates, 195 Ala. 161, 69 South. 956; Nance v. Okla. F. I. Co., 31 Okl. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426; Ark. Ins. Co. v. Cox, 21 Okl. 873, 98 Pac. 552, 20 L. R. A. (N. S.) 775, 129 Am. St. Rep. 808; Imp. F. Ins. Co. v. Dunham, 117 Pa. 460, 12 Atl. 668, 2 Am. St. Rep. 686; King v. Phœnix Ins. Co., 195 Mo. 290, 92 S. W. 892, 113 Am. St. Rep. 678, 6 Ann. Cas. 618; Pelton v. Westchester F. Ins. Co., 77 N. Y. 605; Boulden v. Phœnix Ins. Co., 112 Ala. 422, 20 South. 587; 2 Cooley's Briefs, Ins. 1376; Tebeau v. Globe Co., 271 Mo. 626, 197 S. W. 130, 2 A. L. R. 1041; Allen v. Phœnix Co., 12 Idaho, 653, 88 Pac. 245, 8 L. R. A. (N. S.) 903, 10 Ann. Cas. 328; Rochester Co. v. Schmidt, 162 Fed. 447, 89 C. C. A. 333; Mass v. Anchor Co., 148 Mich. 432, 111 N. W. 1044; Ohio Co. v. Bevis, 18 Ind. App. 17, 46 N. E. 928; Cardwell v. Va. State Co., 198 Ala. 211, 73 South. 466; Comm. F. I. Co. v. Capital City Co., 81 Ala. 321, 8 South. 216, 60 Am. Rep. 152. The adjuster, with full knowledge and authority, having entered upon an examination and treated the policy as valid, any defense the company may have had is waived. Ga. Home Co. v. Allen, 119 Ala. 436, 24 South. 399; So. State Co. v. Kronenberg, 199 Ala. 164; Penn Co. v. Draper, 187 Ala. 103, 65 South. 923; Insurance Co. v. Williams, 200 Ala. 681, 77 South. 159; 3 Cooley's Briefs, 275; Queen Co. v. Young, 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51. Plaintiff being entitled to the general charge, any error with reference to other matters and not affecting the right to such charge is harmless. Comm. Union Co. v. Ryalls, supra; L. & N. R. Co. v. Johnson, 128 Ala. 634, 30 South. 580; Cash v. So. Ex. Co., 133 Ala. 272, 31 South. 936; 1 Michie's Ala. Dig. 559; Merriweather v. Sayre M. & M. Co., 182 Ala. 665, 62 South. 70; Key v. Goodall Brown Co., 7 Ala. App. 227, 60 South. 986; Ala. Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 620, 76 South. 980; So. Ry. v. Cortner, 3 Ala. App. 400, 58 South. 84.

MILLER, J. Wade H. Nichols, plaintiff and appellee, brings this suit against the New Brunswick Fire Insurance Company, a corporation, on a fire insurance policy. The building burned was used for a moving picture show or theater, and the fire occurred on November 23, 1919. The amount of the policy is $1,500, and was dated September 25, 1919. There was judgment for the plaintiff, and the defendant appeals from it.

[1] There was a demurrer to the complaint as amended, which was overruled by the court, and this ruling of the court is assigned as error; but we cannot find where it is argued and insisted on in the brief. Under these circumstances it will be considered

waived in this court. Hodge v. Rambo, 155 Ala. 175, headnote 7, 45 South. 678. However, it follows practically and substantially the form, No. 13, p. 1196, Code 1907, under section 5382. There was a count claiming the 25-per cent. penalty allowed and provided for under sections 4594 and 4595 of the Code of 1907, as amended Gen. Acts 1911, p. 316.

The defendant pleaded general issue and 10 special pleas. Demurrers were sustained to all the special pleas except Nos. 3, 4, 10, and 11.

Plea 3 sets up the invalidity of the policy because the plaintiff was not the sole and unconditional owner of the property. Plea 4 states the building insured was on ground not owned by the plaintiff in fee simple. Pleas 10 and 11 each set up the insufficiency of the plaintiff's proof of loss.

The plaintiff filed general denial and seven special replications, setting up waivers of the policy provisions pleaded by defendant. Demurrers of defendant to plaintiff's replications 2 to 7, inclusive, were overruled, and sustained as to replication 8. The plaintiff pleaded in these replies that the condition set up in pleas 3 and 4 had been waived because defendant had notice of the state of plaintiff's title before issuing the policy, and also because, with knowledge of the alleged forfeiture, it had caused plaintiff to be put to trouble and expense by negotiating and dealing with plaintiff for a settlement of the loss. To the pleas numbered 10 and 11 that proofs of loss had not been filed plaintiff replied a denial of liability by defendant before the expiration of the time for filing such proofs. The defendant filed 18 rejoinders, plaintiff's demurrers being sustained to all, except the one that was a general denial.

There are 106 errors in all assigned in this case. In the midst of this mist and maze and mammoth assignment of alleged errors in pleading, proof, and charges, given and refused, which is permissible under our practice, we do not know where to begin. Errors from 1 to 29, both inclusive, are assigned to rulings by the court on pleadings; from 30 to 63, both inclusive, are based on rulings of the court on the admission or rejection of evidence; and from 64 to 106, both inclusive, are on written charges given or refused by the court. Error numbered 1 was overruling defendant's demurrers to the complaint. We have considered it. The complaint states a cause of action. The attorneys commence on error assigned No. 64, and we will do likewise.

The court gave the general affirmative charge with hypothesis in favor of the plaintiff. It was in writing, and requested by the plaintiff, and reads as follows:

"If the jury believe the evidence, they must return a verdict for the plaintiff in such sum as they may believe from the evidence he is entitled to recover."

This alleged error is numbered 64 by appellant.

The policy sued on was admitted in evidence. "The proof of loss was also admitted in evidence duly sworn to by plaintiff, and its delivery to defendant duly shown."

There was testimony tending to show that the defendant belonged to or was connected with a tariff association within the meaning of sections 4594 and 4595, as amended in General Acts 1911, p. 316, at the time of making the policy, or subsequently before the trial of the case; and this question was properly submitted by the court to the jury. The amount of the damages sustained by plaintiff, and whether he was entitled to the 25 per cent. penalty, were left to the jury. The defendant denied liability under the policy before the time was out for making and filing proof of loss with it. The evidence made out a clear and undisputed right in plaintiff to recover; and the court properly gave that charge, unless there was evidence proving or tending to prove the averments in either plea 3 or 4 of defendant.

On the back of the insurance policy is the following clause, which is made a part of the policy:

"This entire policy unless otherwise provided by agreement indorsed hereon or added hereto shall be void * * * if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple. * * *"

Pleas 3 and 4 each set forth the foregoing provision in the policy; plea 3 averred the policy was invalid because plaintiff was not the sole and unconditional owner of the property insured, and plea 4 averred the policy was void because the building insured was on ground not owned by the plaintiff in fee simple.

Did the evidence prove or tend to prove the averments of either plea 3 or 4?

Charles and I. Piazza entered into a written lease contract with Harry S. Ford on May 24, 1919, leasing to Ford the lots in question from July 1, 1919, until June 30, 1922, for $1,750, payable in monthly installments of $40 per month during the first 3 months and $50 per month during the remaining 33 months of the lease; the lease authorizing Ford to erect a building on the ground or lots, and giving him the right to go into immediate possession of it for that purpose. The lessors had a lien on the building for the rent; and when the contract terminated and the rent was paid, Ford or his assigns had the right to remove the building. Charles and I. Piazza executed and delivered to Harry S. Ford a written instrument, in substance, as follows: I. Piazza and Charles Piazza, for and in consideration of a certain rental lease contract of even date hereof, and $1 paid by Harry Ford, "granted, bar-

gained and sold to the said Harry Ford the option or right until June the 30, 1922, to purchase from them the lots described in the said lease, by Ford, his agents or assigns, paying $7,000 cash to them at any ·time between the date thereof and June 30, 1922," with the following provisions:

"Then and in such event the grantors hereto will surrender free of cost any and all unpaid lease rental notes so specified in said lease rent contract, and they hereby agree and bind themselves that if the said Harry Ford or his agent or assigns shall conclude to purchase said tract or parcel of land from them at any time before the 30th ·day of June, 1922, and shall comply with said terms, they will make and execute a warranty deed conveying to said Harry Ford, or his agents, or assigns, a full, good and sufficient warranty title to said tract or parcel of land."

Harry Ford erected the frame building on these lots, permitted by the lease, and which is involved in the subject-matter of this suit. On August 28, 1918, for a valuable consideration, he sold and conveyed by written deed this building on these lots to the plaintiff, W. H. Nichols; and on the same day (August 28, 1919) Harry Ford, by another written instrument, for valuable consideration, transferred, assigned, and conveyed said lease contract to the plaintiff, and on the same day also transferred and assigned, in writing, the said option for the purchase of the lots described in the lease contract. Ford was in possession and control of the building and lots until he sold the building and transferred his rights to the lots to plaintiff, and then plaintiff, under his purchase, went into possession of the property, and was in possession of it when the building was injured or destroyed by fire. The policy sued on was issued September 25, 1919, and the fire occurred November 23, 1919. Plaintiff had never tendered or paid the $7,-000 purchase price for the lots to I. and Charles Piazza.

[2] The foregoing is, in substance, all of the evidence as to ownership of the building by plaintiff and his title or right to the lots on which it was erected. The lease contract and the option purchase contract purport in their body to have been entered into and made on the same date the option purchase contract refers· in its body to the lease contract, the consideration for the one being the execution of the other; but they were executed on different dates from those disclosed by the face of the contracts. Both instruments from their bodies were in contemplation of the parties when executed. The option contract was executed because of the execution of the lease contract; each sheds light on the other, and they must be construed together by the court as constituting one transaction between the parties.

[3] Insurance policies are prepared with care and skill to limit as much as possible liability. It has been and is the policy of this court to strictly construe conditions limiting or avoiding liability against the insurer, and to construe them liberally in favor of the insured. Queen Ins. Co. v. Young, 86 Ala. 424, 5 South. 116, 11 Am. St. Rep. 51; Equitable Life Ins. v. Golson, 159 Ala. 508, 48 South. 1034.

In Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, the same condition and provision was in that policy as the one in this case. There the plaintiff was a vendee of the land in actual possession, exercising acts of ownership under an executory contract of purchase, with bond from the vendor to make title when the full purchase money was paid. The full purchase price had not been paid, and the vendor had not made conveyance of the title to the property to the vendee when the house on the land was burned. The insurance company sought to avoid paying the policy because of that provision in it. The court held that plaintiff was the sole and unconditional owner, and her estate one in fee, simple; that the interest of the assured answered the condition, and the policy was not void. The condition was as follows:

"The entire policy shall be void if the interest of the insured be other than unconditional and sole ownership,· or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The court in that opinion defined the meaning of the term "fee simple."

In Commercial U. Assr. Co. v. Ryalls, 169 Ala. 517, 53 South. 754, in a suit on a policy containing a provision exactly in the words set out in this policy in pleas 3 and 4, the proof showed that Ryalls, plaintiff, went into and was in possession of .160 acres of land under written contract with the owner, with right to purchase it for a certain price, provided he erected a certain size house with four rooms and two tenant houses of particular size and kind by· or before a specified date; and it was provided the contract would be terminated and void if the four-room building was not completed by January 1, 1907, and the improvements placed on said property forfeited to and become the property of the party of the first part, the owner of the land. Ryalls undertook to erect the buildings on the land. An insurance policy was obtained on one of the buildings, and while being constructed the building insured was burned before it was completed, and the insurance company declined to pay the loss because of the breach of the condition of the policy. The condition in this policy was the same as the condition in the policy in the present suit. The court held:

"The contract as to the purchase of the land in question is within the protection of the rule announced in the case of Loventhal v. Ins.

Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17, that the plaintiff had an insurable interest in the property, and that there was no breach of warranty as to the insured's interest in the property as set up by the insurance company in its pleas."

The court also held under the evidence and issues the plaintiff was entitled to the general affirmative charge.

In Ex. Underwriters' Agency R. A. of London v. Bates et al., 195 Ala. 161, 169, 69 South. 956, 960, this court declared the following rule:

"It was not necessary that the plaintiffs should be vested with the legal title to the property insured. in order to be the 'unconditional and sole owners,' within the meaning of that term as used in the insurance policy. If the insured were armed with the immediate and present right, when the policy was obtained, to go into a court of equity and obtain the unconditional and absolute legal estate in the property insured, the phrase above quoted was complied with. Loventhal v. Insurance Co., 112 Ala. 108, 29 South. 419; s. c., 33 L. R. A. 258, 57 Am. St. Rep. 17."

The plaintiff was the owner and in possession of the building located on lots held by him under a lease option purchase contract when the policy issued and the fire occurred. The plaintiff was the sole and unconditional owner of the building when the policy issued, and when the fire occurred, subject to the lien on it for any unpaid rent, which could be removed by payment; and the insured was armed with the "immediate and present right" when the policy was issued and when the fire occurred to pay $7,000 to I. and Charles Piazza, and secure a deed from them conveying to him the fee-simple title to the lots or to deposit the money in a court of equity and secure a specific performance of the option purchase contract, and have the fee-simple title to the lots conveyed to him. I. and Charles Piazza could not prevent it. The plaintiff could not be deprived of his ownership of the building or his right to acquire a fee-simple title to the lots on which it was located without his consent, when the policy issued and when the fire occurred.

[4] We hold under the foregoing authorities the plaintiff was the sole and unconditional owner of the building; but he did not own the lots on which it was located in fee simple. I. and Charles Piazza were bound by the option contract, but the plaintiff was not. He had not before the policy was issued elected to purchase the property under the option and become liable for the purchase price. When the policy issued he was not liable for the purchase price of the lots under the option contract. His title to the lots was not that of fee-simple owner when the policy issued, but was contingent and conditional. He had never exercised or manifested any intention to exercise his

option to purchase the lots, and was not liable for the agreed purchase price. This lessee's option to purchase the lots does not vest him with the fee-simple title. He may never exercise it. He could not be made to exercise it, but he may elect not to exercise it. Loventhal v. Home Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; Capital Ins. Co. v. Caldwell Bros., 95 Ala. 77, 88, 10 South. 355; Brown v. Com. Fire Ins. Co., 86 Ala. 189, 5 South. 500; 3 Joyce on Ins. p. 3422, § 2044, headnote 3. The case of Commercial Union Assr. Co. v. Ryalls, 169 Ala. 517, 53 South. 754, appears in conflict with this holding, and it is to that extent hereby modified and overruled.

[5] The plaintiff replied to pleas 3 and 4 as follows:

"Before the issuance and delivery of the policy sued upon the defendant had notice through its agent who negotiated the said contract of insurance for defendant, and who delivered the said policy to plaintiff, of the facts set up in the plea as being a breach of the condition of the policy, information thereof having been given to said agent in the negotiation of each contract, and with notice thereof defendant delivered the said policy and consummated the said contract of insurance, thereby waiving said breach of the said condition of the policy."

The demurrers of defendant to this replication were properly overruled by the court under the following authorities: Pope v. Glens Falls Co., 130 Ala. 356, 30 South. 496; Fidelity-Phœnix Fire Ins. Co. v. Ray, 196 Ala. 425, headnote 1, 72 South. 98; Brown v. Com. Fire Ins. Co., 86 Ala. 189, 5 South. 500. The appellee contends the evidence without dispute proves this replication to pleas 3 and 4, and therefore the court was correct in giving that general affirmative charge in his favor.

[6] J. W. Awtrey & Co. were insurance agents, and represented the Hartford Fire Insurance Company. They solicited insurance from plaintiff, and plaintiff made application to J. W. Awtrey for an insurance policy on this building. The plaintiff informed him that he owned the building; that he held a lease on the lot and the right or option to purchase it. The plaintiff informed him of the true title to the property—building and lots on which it was located. Awtrey issued him a policy on the building as agent for and in the Hartford Fire Insurance Company; the premium was paid; the company returned the premium, and required the policy to be surrendered and canceled and the premium returned, which was done. J. W. Awtrey then went to McConnell, Anglin & White, agents of the defendant, and placed the insurance with them. He testified they were informed of the plaintiff's true title to the building and lots on which it was located, and they testified to the contrary. Awtrey, as agent for the Hartford Fire Insurance Com-

pany, solicited the insurance from plaintiff, and the company represented by Awtrey declined to carry it. Without the knowledge of plaintiff, Awtrey then went to McConnell, Anglin & White, agents of the defendant, for the insurance, as was the custom and practice in Birmingham among insurance agents when for any reason the company represented by them refused to carry the insurance. The defendant issued the policy through its agents, McConnell, Anglin & White. They sent the policy to Awtrey, who was allowed by them to place his sticker on the back of the policy, which was done, showing he was agent of the defendant, and he was authorized to deliver the policy to plaintiff, to collect the premium, to retain two-thirds of the commissions, and to remit to them one-third of the commissions, and the balance of the premium, all of which was done by Awtrey. Plaintiff did not know that Awtrey was not the agent of defendant until after the fire. Awtrey was not a mere broker. He was not the agent of the plaintiff, but was the agent of the defendant in so far as the issuance and delivery of this policy is concerned, under the circumstances of this case. The defendant by issuing the policy under such circumstances ratifies the prior acts of Awtrey, its agent in that transaction, in soliciting the insurance from plaintiff, and the knowledge of facts as to title to the property acquired by Awtrey in soliciting the insurance from plaintiff and known by Awtrey when the policy issued was imputable to the defendant, and estopped the defendant from claiming the policy forfeited on account of a breach of its conditions in regard to the ownership of the property by plaintiff. In 3 Cooley on Ins. pp. 2529, 2530, is the following:

"If an insurance agent, to whom a request for insurance is made, procures all or part of such insurance, through other agents, from a company not represented by him, and receives the policy written by such company for delivery to the applicant, he will generally be regarded as the agent of the company issuing the policy, especially if he receives a part of the premium as commission. The principle underlying this doctrine is that the company issuing the policy ratifies the acts of the first-named agent, and constitutes him its agent for that transaction by accepting the application and by issuing and delivering the policy to him for further delivery to the applicant. Hence, it follows that the company will be charged with knowledge of any information imparted to the agent at the time the insurance is written."

The case of Atlanta Home Ins. Co. v. Smith, 136 Ga. 592, 71 S. E. 902, is directly in point. See, also, Fidelity-Phœnix Fire Ins. Co. v. Ray, 196 Ala. 425, 72 South. 98; 2 Corpus Juris, p. 467, headnote 44, and page 516, headnotes 38, 39; Pope v. Glen Falls Ins. Co., 130 Ala. 356, 30 South. 496.

The evidence without dispute sustains the replication to pleas 3 and 4, and this justified the court in giving the general affirmative charge with hypothesis in favor of the plaintiff.

We cannot see where the defendant was prejudiced by the court allowing T. A. White, agent of the defendant, to testify that he was a member of the Birmingham Fire & Casualty Exchange. He stated it had nothing to do with making or maintaining fire insurance rates, and that defendant was not, to his knowledge, a member of that bureau, and he did not know whether it paid anything to it or not. The plaintiff was, under the undisputed evidence, entitled to and the general affirmative charge with hypothesis was given him by the court. The other errors, if any, assigned, were without injury, as they did not affect the right of plaintiff to this charge, and they did not affect the other rights of defendant as to the amount of damages plaintiff could recover. It is not necessary for us to discuss them, for, if they were errors, they were harmless and would not work a reversal. Commercial U. Assr. Co. v. Ryalls, 169 Ala. 517, 53 South. 754; Ala. Red Cedar Co. v. Tenn. Valley Bank, 200 Ala. 622, headnote 6, 76 South. 980; Merriweather v. Sayre M. & M. Co., 182 Ala. 665, headnote 2, 62 South. 70.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, and THOMAS, JJ., concur.

McCLELLAN, J., concurs in result.

McCLELLAN, J. (dissenting in part). In the opinion ante my associates depart from and overrule, in an aspect, the decisions in Loventhal v. Homes Ins. Co., 112 Ala. 108, 20 South. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; and Commercial U. Assr. Co. v. Ryalls, 169 Ala. 517, 53 South. 754, wherein, to quote the opinion ante, the "same condition and provision" as to the unqualified character of the insured's interest in the realty "was in that policy as the one in this case." These deliverances construed pertinent provisions of policies that should govern, at this late day, the construction and effect of the like provisions in the policy in suit. The Loventhal Case was decided in 1895, and the Ryalls Case, in which the there pertinent pronouncement was rested upon the Loventhal Case, was decided in 1910; the former over 25 years ago, and the latter 13 years ago. If the doctrine of the Loventhal and Ryalls Cases is assumed to be unsound—a conclusion by no means obvious—departure from the construction there taken of similar provisions should not, in my opinion, be made, because "terms used in a policy which have by prior decisions of the court been given a definite meaning will be presumed to have been used in view of such established construction." 26 C. J. p. 79; Fidelity & Casualty Co. v. Lowenstein, 97 Fed. 17, 38 C. C. A. 29, 46 L. R. A.

450, 452, 453. If the insurance company drafting the policy, containing the terms construed by the court, was not satisfied with the effect judicial judgment long ago accorded them, it is to be presumed that the author of such policy would have so altered this feature of the instrument as to avert or avoid the effect the court ascribed to those terms.

In the writer's opinion the provisions under consideration should be accorded the construction and ·effect which this court long since ascribed to them. I therefore dissent from the construction given those provisions in the opinion in this case.