## CONCORDIA FIRE INS. CO. OF MILWAUKEE, WIS., v. SUDDUTH et al.

(Circuit Court of Appeals, Fifth Circuit. February 12, 1925.)

No. 4437.

**1. Insurance ⟷282(8)—When possession under land contract constitutes ownership in fee simple, within policy, stated.**

Under the law of Alabama, a vendee of land, in possession thereof under a valid executory contract of purchase, binding him to pay the stated price, and holding the bond or obligation of the vendor, who has the title in fee simple, to make title on full payment of the purchase price, a portion of which remains unpaid, is the owner of the land in fee simple within the meaning of a provision in an insurance policy that it shall be void if the subject of insurance is a building "on ground not owned by the insured in fee simple," and the same rule applies to a purchaser from such vendee under a like contract.

**2. Insurance ⟷392(1)—Insurer cannot accept and retain premium with knowledge of breach of condition, and avoid liability on the ground of such breach.**

An insurer, which, with knowledge that an insured building is on ground not owned by insured in fee simple, demands and accepts payment of the premium, cannot retain the same and also claim exemption from liability on the ground that such fact avoids the policy.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action at law by J. W. Sudduth and others, partners as Sudduth Bros., against the Concordia Fire Insurance Company of Milwaukee, Wis. Judgment for plaintiffs, and defendant brings error. Affirmed.

Phares Coleman and M. C. Stewart, both of Birmingham, Ala. (Coleman, Coleman, Spain & Stewart, of Birmingham, Ala., and Smith, Hammond & Smith, of Atlanta, Ga., on the brief), for plaintiff in error.

Crampton Harris, of Birmingham, Ala., for defendants in error.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

WALKER, Circuit Judge. This was an action by the defendants in error, the individuals composing the firm of Sudduth Bros., on a fire insurance policy on a dwelling, issued to J. A. Moore, and which was by him assigned to Sudduth Bros. after the insured property was burned.

[1] The suit was defended on the ground that the lot on which the insured dwelling was located was not owned by the insured in fee simple, within the meaning of the provision of the policy that it "shall be void if the subject of insurance be a building on ground not owned by the insured in fee simple." There was evidence to the following effect: On and prior to March 19, 1923, the Birmingham Realty Company owned said lot in fee simple. On that date that company executed a lease sale contract for the sale of the lot mentioned and another one to Sudduth Bros., the realty company being referred to in that contract as the party of the first part and Sudduth Bros. as parties of the second part. That contract contained the following:

"Parties of the second part agree to pay to the said party of the first part, as rent, the sum of two hundred eleven and thirty-one hundredths ($211.30) dollars per month on the 19th day of each month, for which they have executed their promissory notes bearing even date herewith, as follows: Sixty notes each for the sum of $211.30, dated March 19, 1923, and payable one each on the 19th day of each month, beginning April 19, 1923, and continuing and including the 19th day of April, 1928, said notes having interest at 6 per cent. per annum included, and, in addition, one note for the sum of six thousand dollars, dated March 19, 1923, and payable March 19, 1928, with interest at 6 per cent. per annum, payable semiannually. One thousand and no/100 dollars ($1,000.00) in cash is to be paid on

the execution of this agreement, the receipt of which is hereby acknowledged. * * * And the party of the first part agree that, upon the performance by the parties of the second part of all the covenants and agreements on their part, and the payment in full of all said promissory notes, it will execute and deliver to them, or to such person as they may direct, a deed in fee simple for said premises, with full covenants of warranty as of this date."

At the time of the execution of that contract Sudduth Bros. paid to the realty company $1,000 in cash and executed all the notes called for by the contract. On April 4, 1923, Sudduth Bros., then being in possession of said lots, executed an unconditional contract of sale of said lot to Moore, who then took possession of said lot. On May 23, 1923, the policy sued on was issued. On May 28, 1923, the Birmingham Realty Company, pursuant to its above-mentioned contract, signed and acknowledged a deed conveying said lot to Sudduth Bros., which deed was delivered to Sudduth Bros. on June 12, 1923. The insured dwelling was destroyed by fire on June 8, 1923. The court decided that, on the state of facts tended to be proved by the above-mentioned evidence, Moore had, within the meaning of the above-quoted provision of the policy, a fee-simple title to said lot.

A vendee of land, in possession thereof under a valid executory contract of purchase binding him to pay the stated price, and holding the bond or obligation of the vendor, who has the title in fee simple, to make title upon full payment of the purchase price, a portion of which remains unpaid, is the owner of the land in fee simple within the meaning of the above-quoted provision of the policy sued on. Loventhal v. Home Insurance Co., 112 Ala. 108, 20 So. 419, 33 L. R. A. 258, 57 Am. St. Rep. 17; New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82; 26 C. J. 173. Under the above-mentioned contract, Sudduth Bros. had the absolute and unconditional right to have the lot conveyed to them in fee upon paying the balance of the purchase price, which they unconditionally obligated themselves to pay, and Moore acquired all the rights, and incurred the obligations, of Sudduth Bros. under that contract. The position of Moore was materially different from that of one who is in possession of land under a contract giving him an option to purchase, which option remains unexercised. Decisions, such as the last-cited one, dealing with the case of one who has only an unexercised option to buy, are not applicable to the state of facts which the above-mentioned evidence tended to prove. We conclude that the above-mentioned ruling was not erroneous.

[2] Dealing with another phase of evidence, the court ruled to the effect that if the insurer, with knowledge of the breach of the above-mentioned condition of the policy, demanded and accepted payment of a premium payable, thereunder, it was not entitled to retain both the sum so paid and the right to be exempt from liability under the policy because of the breach of such condition. That ruling was not erroneous. 26 C. J. 325. The record shows no reversible error.

The judgment is affirmed.