*157 So. 259*

**SOVEREIGN CAMP, W. O. W., v. CLARKE.**

6 Div. 597.

Supreme Court of Alabama.
Oct. 11, 1934.

Rehearing Denied Nov. 8, 1934.

Arthur Fite, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellee.

BOULDIN, Justice.

The suit was to recover total permanent disability benefits under a policy of fraternal life insurance.

The chief questions presented for review are rulings on pleadings.

■ The plea of the general issue presented the question of total permanent disability as averred in the complaint. This issue was fully tried and submitted to the jury. Any error in sustaining replications directed to special pleas setting up the same defense was therefore harmless.

Plea No. 2 presented the question of lapse or forfeiture of the policy for nonpayment of assessments, or premiums, on an annual or monthly plan as stipulated in the policy. This issue was also fully presented in evidence and submitted to the jury.

The error of the court in sustaining (by ruling on demurrer) inapt replications to plea 10, presenting the same issue as plea 2, was harmless.

A more complicated situation appears as to other rulings now to be considered.

■ Defendant filed numerous pleas, 34 in number, setting up provisions of the constitution and laws whereby certain defaults on the part of insured would work a suspension and render the policy null and void. Without listing these pleas by numbers, they come under the following classes: (1) Nonpayment of premium or assessment above mentioned; (2) failure to submit proof of disability while the policy was in force; (3) failure to offer to surrender certificate for purposes of a settlement; (4) nonpayment of Sovereign Camp dues; (5) nonpayment of local camp dues; (6) nonpayment of an admission fee in the local camp.

Demurrers addressed to all these pleas severally were overruled as to classes 1 to 4, supra, and sustained as to classes 5 and 6.

This latter ruling was error. The provisions of the constitution set up and made part of the contract render the certificate void unless local camp dues are paid; likewise, the admission fee, if any.

Appellee's counsel do not insist such ruling was free from error, but do insist that, in the light of the entire record, such ruling was without injury to appellant, and should not work a reversal.

The ground upon which we are asked to hold the error harmless is presented in a somewhat unusual setting, calling for clear statement.

■ The plaintiff filed a series of replications addressed severally to classes of pleas Nos. 2, 3, and 4, above, as to which demurrer had been overruled. These replications alleged a waiver of any forfeiture of the policy on grounds set up in such pleas in that defendant, with knowledge of the facts, denied liability on the sole ground of nonpayment of assessments by way of premiums on the policy.

Demurrers were properly overruled to such replications. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 406, 100 So. 812; Fidelity-Phoenix Fire Insurance Co. v. Ray, 196 Ala. 425, 72 So. 98; Georgia Home Insurance Co. v. Allen, 128 Ala. 451, 30 So. 537.

An examination of the evidence touching the two issues of fact, (1) nonpayment of premiums, and (2) denial of liability on the sole ground of such nonpayment, discloses the following:

■ The policy was delivered to Clarke, the insured, on October 27, 1931. Due report was made to the Sovereign Camp at Omaha, and a remittance was made by Vickery, financial secretary of the local camp, covering the monthly premium for the remaining days of October and the month of November, 1931. No premium being received at Omaha for the month of December, the policy was entered suspended for nonpayment of such assessment on January 1, 1932. Report of such suspension having reached Clarke, the insured, he opened correspondence with Mr. Yates, secretary of the Sovereign Camp, claiming that he (Clarke) had, on receipt of the policy, paid a full annual premium of $31.90, and had a receipt therefor from Vickery, the local secretary. This correspondence resulted in Clarke's sending to Omaha his receipt showing pay-

ment of $34.90, of which $31.90 was for the full annual premium, and $3 to cover local camp dues. Thereupon Mr. Yates sent him a showing that his policy was reinstated with bill folder. So far as Clarke knew, matters stood thus until September, 1932, when he gave notice of a claim for permanent total disability. But meantime Vickery, in response to notice from Omaha that he was called upon to account for the annual premium so paid, wrote to Mr. Yates that, although he had issued such receipt, Clarke never in fact paid anything, but was to pay Vickery in work, which was never done.

Accordingly, when Clarke made claim for disability benefits, Mr. Yates again advised him his policy was suspended as of January 1, 1932, for nonpayment of premium. This led to correspondence between counsel for Clarke and the Sovereign Camp, through its claim department, wherein it was definitely stated the refusal to recognize the policy as in force was because of evidence submitted by Vickery showing Clarke had never in fact paid the premium as per the receipt issued to him.

This controversy between Clarke and Vickery as to the fact of payment in money, as per receipt, was the major issue presented in evidence, submitted to the jury, and found in Clarke's favor.

That the association at headquarters denied liability on the sole ground of nonpayment of the annual premium as per receipt, we think, is disclosed by the correspondence in evidence, and is without dispute.

It is suggested by appellant that it does not appear the Sovereign Camp had knowledge of nonpayment of an admission fee, and therefore striking pleas 13 and 17, presenting that ground of defense, by sustaining demurrer thereto, cannot be held harmless.

It is disclosed by deposition of Mr. Yates that the receipt itself, which came to his hands, representing the only sums claimed to have been paid, disclosed that $31.90 was for the annual premium as per the policy, and $3 was for camp dues, the amount admittedly due for a full year.

We think it clear enough that denial of liability was based on the sole ground of nonpayment of assessments, with knowledge from the constitution and circumstances that no local admission fee had been paid.

Assuming that such admission fee was payable as per these pleas, we think defendant had the full benefit of any defense thereby pre-sented, although such issues were presented under other pleas.

As to camp dues, the verdict of the jury under the evidence was to the effect that they were paid as per receipt.

We therefore rule that any error in sustaining demurrer to pleas mentioned was without injury; that the matters set up were fully heard and adjudicated under pleas upon which the cause was tried. Tedder v. Home Ins. Co., 212 Ala. 624, 103 So. 674; Staples v. City Bank & Trust Co., 194 Ala. 687, 70 So. 115; American Ins. Co. v. Millican (Ala. App.) 153 So. 448, 449; Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, and list of cases cited page 356, 150 So. 139, 141.

The evidence touching permanent total disability and making claim therefor while the policy was still in force presented an issue for the jury.

The testimony of witness, Jim Taylor, on this issue, was not subject to objection because not an expert. Witness testified: "I lived there close to him last summer when he got down; he was in bed and awful poor and weak looking; he stayed in bed in that condition several months. During that time he lost most of his flesh, he was always slender but was active and a hard worker. I saw him from time to time after he took his bed last summer; for a couple of weeks I went out there two or three nights in a week; he was down in bed and in bad shape. Then I would drop in from time to time and heard from him, kept up with him and inquired about him. Since that time up until now he has not worked any. At the times I would be there to see him he would be running fever, and at night he would have sweats."

He was then asked: "Has he been able to work, in your judgment, from then until now?" and answered: "No sir."

This character of testimony has been often approved. Mobile Light & R. R. Co. v. Walsh, 146 Ala. 295, 40 So. 560; Louisville & Nashville Railroad Co. v. Stewart, 128 Ala. 313, 29 So. 562; South & North Ala. Railroad Co. v. McLendon, 63 Ala. 266, 276. This class of testimony is to be differentiated from that condemned in Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.