172 So. 278

SOVEREIGN CAMP, W. O. W., v. STEWART.

I Div. 945.

Supreme Court of Alabama.
Jan. 21, 1937.

Lyons, Chamberlain & Courtney, of Mobile, for appellant.

Stevens, McCorvey, Mcleod, Goode & Turner and Harry T. Smith & Caffey, all of Mobile, for appellee.

FOSTER, Justice.

This is a suit on a policy of life insurance.

The defense is that insured was suspended by a nonpayment of his dues in February, 1933, payable during the month, and not paid until March 2d, and for such nonpayment in March, in that they were not paid until April 5th, and that while the policy provided for such suspension, the constitution, laws, and by-laws made a part of it, provided that one so suspended may be reinstated by a payment of the arrearage, but the payment is a warranty that he is then in good health, and will remain so for thirty days thereafter, and that though insured paid the arrearage within the time so stipulated, he was not in good health, or, if he was, he did not so remain for thirty days, but that he was then or within thirty days thereafter not in good health, but had arteriosclerosis, and died on April 21, 1933, from a cerebral hemorrhage, which is caused from a rupture of a cerebral blood vessel, caused by many things, but usually high blood pressure is a factor, with no definite way of telling what caused it.

There was evidence of such condition at the time of the payment March 2d and April 5th, and extending to his death.

The contentions made by plaintiff in opposition to that defense were that he was not in fact in default, but that the payments on March 2d and April 5th were for March and April, respectively, just as the payments made October 5, 1932; November 2, 1932; December 6, 1932; January 5, 1933; February 1, 1933, were made, respectively, for the months of October, November, December, January, and February, all of which were made and accepted as payments for each such month: further, that it was the duty of the local secretary to report to the home office when there is a suspension by the failure to pay during the month, and that he made no report of the suspension of insured, but as a course of dealing accepted a payment as not delinquent if made before he reported collections to the home office, early in the month for the preceding month.

Insured gave little or no evidence outwardly of his affliction, but engaged in his work of loading and hauling heavy sacks of feed and other commodities as the most able-bodied man may do and including the day before his death.

Charge No. 17, refused to defendant, is the first assignment argued in brief by appellant. That charge might have been given without error in the light of our cases. Sovereign Camp, W. O. W., v. Cox, 221 Ala. 58, 127 So. 847; Sovereign Camp, W. O. W., v. Lambert, 228 Ala. 440, 153 So. 627; Sovereign Camp, W. O. W., v. Harris, 228 Ala. 417, 153 So. 870.

But it is not exactly correct in some respects, which justifies its refusal. The question is not dependent upon the status of the constitution, laws, and by-laws when the policy was issued, but when the default occurred, since it was subject to interim changes. Since no such changes appear, its giving would not have been prejudicial, but the court cannot be reversed for refusing a charge technically erroneous in law. Moreover, the substance of it was embraced in other charges, notably Nos. 13, 15, and 18.

Assignment No. 17. Plea 3, was in substance that insured failed to make payment in March, 1933, and became suspended, to which plaintiff replied that defendant denied liability on the sole ground of a suspension for the failure to pay the February dues during the month of February, and therefore that it cannot defend for the alleged suspension in March.

In the court's oral charge, the judge observed, "If they decline payment and point out one ground, then the law says they waive the other ground if any they have, as to the validity of the policy." To this exception was taken. The objec-

tion urged is that it is not hypothesized that the insurer, when such denial was made, had knowledge of the suspension claimed to have occurred in March. While knowledge of the facts creating the right of suspension for March must exist when the denial on another ground may have been made in order that it may be a waiver of the March suspension as a defense, the contrary is not asserted. As a general rule, the proposition as set out in the charge is often stated, and the limitation may be brought to the attention of the court in a requested charge, if desired. This proposition is well supported. Birmingham, E. & B. R. R. Co. v. Feast, 192 Ala. 410 (2), 68 So. 294.

There is nothing in the cases relied on to the contrary. Georgia Home Ins. Co. v. Allen, 128 'Ala. 451, 30 So. 537; Sovereign Camp, W. O. W., v. Clarke, 229 Ala. 382, 157 So. 259. The general rule is stated in the Allen Case, supra, without including the limitation as it is in others. Watts v. Metropolitan Life Ins. Co., 211 Ala. 404, 100 So. 812 (6); Fidelity-Phoenix Fire Ins. Co. v. Ray, 196 Ala. 425 (4), 72 So. 98.

■ When there is any question about whether there was knowledge of the suspension sought to be waived, it would ·be proper to add that as a condition. But defendant's depositions show that both grounds of objection became known at the same time. There is no reversible error here shown.

■ Assignment No. 22. The financial secretary for the local lodge was a witness for defendant. The widow of insured had testified that she made the 'payments December 6th and April 5th, to this secretary, Mr. Pouncey, and that when she did so she told him they were payments for December and April, respectively. Mr. Pouncey testified that those payments were made for the preceding months, respectively, as indicated by the number on the receipt he issued. That paid in December was numbered 11, for November, and that paid in April was number 3 for March; that having paid for November and March before he sent in his report for those months it was all right, but it was his duty to report a suspension when dues were not paid during the month.

· The court permitted plaintiff to show by this witness that he never reported this insured as suspended. The exception is the twenty-second assignment. This evidence was relevant in connection with the evidence that the wife of insured, when she made the payments in December and April to Mr. Pouncey, told him they were for those months. Since Mr. Pouncey did not report him as suspended as he should have done if they were not thus applied, it has some bearing on the question of whether such direction was made; and this is true assuming that he could not waive any provision of the contract, constitution, laws, and by-laws. That circumstance with the dates of each preceding receipt extending to October, 1932, had a tendency to show that each such payment was made for the month in which the receipt is dated; otherwise he was suspended for nonpayment in September, and each month thereafter, if there was a reinstatement. It illustrated the course of dealing, and was not reversible error.

■ Assignment No. 23. Dr. Tisdale had testified for defendant that he "would say that his death was due to arterio sclerosis if he had it in such stage." On cross-examination he was asked if he could tell with any degree of certainty that it did in fact cause his death. Objection was overruled, and exception taken. The witness answered, he died of cerebral hemorrhage, and that was as far as he could go. This was proper on cross-examination. ·

■ Assignment No. 25. This relates to an objection to an argument of plaintiff's counsel: "It is incumbent on the defendant to prove that the cause of death of deceased as arterio sclerosis to such an extent that it' would tend to shorten his life." The argument by appellant on this assignment is that the time of the inquiry as to the health of insured was limited to the date of the issuance of the policy, and that it is immaterial what caused his death. But the issues as made related to his health for thirty days after an attempted reinstatement. While the burden may not have been on defendant to show the cause of his death, the court did not hold that it was. Moreover, counsel was merely stating his contention as to a legal principle. There was no error in the ruling which the court made.

· ■ Assignment No. 8. This charge does not include in the hypothesis a belief of several of the facts alleged in plea 3, to which it related, and which defendant proved by the evidence of witnesses, not documents. It did not take into account

replications 4 and 5 to plea 3, attempted to be shown by a letter predicating the suspension solely on the failure to pay the February dues. It was in effect the affirmative charge upon hypothesis in respect to one feature of the defense not considering its other features or the replication to it.

Assignments Nos. 4 and 5. These were affirmative charges. The testimony of plaintiff, widow of deceased, when she paid two installments, December and April, that they were to be applied to the dues for those months in connection with the time when the other payments were made and the course of dealing, the issue made on plea 3, and whether insured remained in good health thirty days after March 2d, all are sufficient to carry the whole question of whether there was a suspension caused by a failure to pay the February and March dues, and whether the payments made during those months were in fact for those months. The jury found for plaintiff, and could have on that situation.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.