## CALFEE et al. v. HOME INS. CO.

### No. 6814.

United States Court of Appeals for the District of Columbia.

Argued April 6, 1937.

Decided May 24, 1937.

———◆———

Raymond M. Hudson, Minor Hudson, and Geoffrey Creyke, Jr., all of Washington, D. C., for plaintiffs in error.

Vincent A. Sheehy and Vincent A. Sheehy, Jr., both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Plaintiffs in error filed a class A suit in the Municipal Court of the District to recover the sum of $1,000 on a policy of fire insurance written by defendant in error on a building located in Riverdale, Md.

The declaration sets forth in proper form the issuance of the policy, the destruction of the building by fire, the proof of loss within the time required, and the acceptance of proof by defendant company, as well as the failure of the company on demand to make payment under the policy. On motion of the insurance company plaintiffs produced an agreement for the purchase of the ground on which the building stood, in which it was stipulated that they should pay the sum of $500, payable $5 a month, starting May 1, 1933, with interest at 6 per cent. The contract in terms provided that when the purchase price was reduced to the sum of $300, the party of the first part would execute and deliver a special warranty deed to the plaintiffs, parties of the second part, for the property, free and clear of incumbrances, except as to any first mortgage that might be placed thereon, in an amount not exceeding $300.

At the time of the fire, $195 had been paid on this contract. It is not contended that there had been any failure on the part of the plaintiffs to meet the obligations of their contract. The sole defense of the insurance company is based on the following stipulation in the policy: "This entire policy shall be void, unless otherwise provided by agreement in writing added hereto, (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

It was contended by the insurance company that when the policy was issued plaintiffs were not in position to satisfy this stipulation, and at the time of the loss the plaintiff's interest in the property was not that of unconditional and sole ownership, and that the policy was therefore void.

Plaintiffs filed two replications in which they averred that "they were the owners of the premises in question under an executory contract of purchase therefor, and that by the provisions of said contract upon the payment of instalments as provided therein, they were entitled to have the said property conveyed to them by the record owner thereof."

Plaintiffs further averred that the agent of the company was fully advised concerning the nature of plaintiffs' interest in said property, and was shown plaintiffs' copy of the executory contract for the purchase of this land, and was advised by plaintiffs that they desired an insurance policy which would provide the protection for the building situated on the land which plaintiffs did own unconditionally, and that the agent advised the plaintiffs at that time that the policy which he would procure for them would afford such protection.

A motion to strike the replications was granted and leave given plaintiffs to file an amended replication. Plaintiffs filed their amended replication, making the same averments as to ownership of the premises under an executory contract to purchase. To this amended replication defendant filed

a demurrer, which was sustained by the court. Plaintiffs then filed a second amended replication setting forth the same facts alleged in the former replications, and in addition setting forth that at the time of the fire $195 had been paid under the contract, and that all the requirements of the contract had been met; that only $305 remained unpaid. A motion to strike the second amended replication was granted, judgment was entered for the defendant, and a writ of error was granted to this court.

Without stopping to consider the irregular course of pleading followed in the court below, it is clear that the defendant company's sole defense is that, under the stipulation in the policy, plaintiffs were not the sole and unconditional owners of the property in fee simple at the time the fire occurred, and that therefore the policy is void.

In the case of Mallery v. Frye, 21 App. D.C. 105, 118, wherein a fire insurance policy containing a stipulation identical with that here in question was involved, this court said: "This brings us to the main question, raised indirectly by the first instruction that was refused, and directly by the next in order,—whether the equitable title, sought to be established, is sufficient to satisfy the conditions of the policy respecting the ownership of the land upon which the building stood? We are of opinion that it is. There was no false statement of the interest of the insured and nothing to indicate an intention to perpetrate a fraud. His interest was none other than unconditional and sole. He was the owner —that is to say, the equitable owner—in fee simple of the ground on which the house was situated. The policy does not say that he shall be seized of the legal title in fee simple; and any doubt in respect of its meaning is to be resolved in favor of the insured. He was the real, sole, unconditional owner of the ground for all the purposes of insurance which the condition can be fairly presumed as intended to subserve. Apparently, these were to make sure that the insured shall be the one upon whom the entire loss under the policy would fall in case of injury or total destruction by fire. The equitable ownership in this case completely answers that requirement. Plaintiff's interest in caring for the property was no less, and his temptation to destroy it no greater than they would have been had he been invested with perfect title at law as well as in equity. This view, which commends itself to our judgment, has the support also of weighty authority." See Alliance Insurance Co. v. Enders (C.C.A.) 293 F. 485; Phenix Insurance Co. v. Kerr (C.C.A.) 129 F. 723, 724, 726, 66 L.R.A. 569; Milwaukee Mechanics' Insurance Co. v. B. S. Rhea & Son (C.C.A.) 123 F. 9, 10, 11; Concordia Fire Insurance Co. v. Sudduth (C.C.A.) 4 F.(2d) 525, 526; Loventhal v. Home Insurance Co., 112 Ala. 108, 20 So. 419, 33 L.R.A. 258, 57 Am.St.Rep. 17.

The case of Dumas v. Northwestern Nat. Insurance Co., 12 App.D.C. 245, 40 L. R.A. 358, relied upon by the defendant, does not support their position. There the policy provided that it should be void if "the interest of the insured be other than unconditional and sole ownership; * * * or if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." It appeared that the insured was the absolute owner of about one-half of the property covered by the policy. Part of the residue was incumbered by a chattel mortgage to secure the greater part of the purchase money yet due; part had been purchased on the installment plan, the vendor remaining owner until full payment was made; part had merely been rented. In that case the breach of the conditions of the policy was beyond question, and it has no bearing upon the case here under consideration.

In view of the above-cited authorities, we are of opinion that the executory contract of the plaintiffs to purchase the land on which the building stood satisfies the stipulation in question, and that the court erred in sustaining the demurrer to the amended replication.

The judgment is reversed, with costs.