158 So. 309
## NEW YORK LIFE INS. CO. v. JENKINS.
### 4 Div. 789.

Supreme Court of Alabama.
Dec. 20, 1934.

Rushton, Crenshaw & Rushton, of Montgomery, and Chauncey Sparks, of Eufaula, for appellant.

McDowell & McDowell, of Eufaula, for appellee.

FOSTER, Justice.

The first count of the complaint claims the principal sum payable on the death of insured in a life policy. To this count defendant pleaded specially the terms of the policy

---

☞For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

limiting liability in event of self-destruction during the first two insurance years, and then alleged that insured committed suicide within that period, and thereby sought to minimize the amount of the claim.

Count A sought double indemnity upon an allegation that the policy provided for such liability if the death of insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent, and accidental means, and occurred within ninety days after the injury, and alleged that his death was so caused. To this count defendant pleaded the general issue. The suit was tried on those issues.

■■ The evidence as to whether his death was suicidal or accidental was wholly circumstantial. The party who carried the burden of proof was at a disadvantage on that issue, to a larger degree perhaps than in an ordinary case dependent upon direct evidence, in view of the presumption against suicide. There was little or no dispute as to the material facts. The ultimate facts could be deduced only as inferences from the circumstances. On count 1, the burden was on defendant on the issue of suicide. New York Life Ins. Co. v. Beason (Ala. Sup.) 155 So. 530; [1] 37 Corpus Juris, 618, 619, § 415, note 7. On count A, the burden was on plaintiff on that issue. The presumption against suicide does not change that burden. Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728. The court correctly charged the jury in his oral charge in that respect. But he gave two written charges for plaintiff (assignments 12 and 13), instructing them that "the burden of proving suicide to the reasonable satisfaction of the jury is on the defendant." Those charges do not limit that burden to the issue as made under count 1, and as given have equal application to count A. It is erroneous as applicable to count A, but not as to count 1. There was a verdict for plaintiff on count A, as well as on count 1.

■ The rule is that though the court may have otherwise correctly charged the jury, that fact would not cure the error in giving charges which erroneously place the burden of proof. Johnson v. Louisville & Nashville R. Co., 220 Ala. 649, 127 So. 216; Louisville & Nashville R. Co. v. Christian, etc., B. Co., 150 Ala. 390, 43 So. 723; Schieffelin v. Schieffelin, 127 Ala. 14, 38, 28 So. 687; Alabama City, Gadsden & Attalla Ry. Co. v. Bates, 155 Ala. 347, 46 So. 776; Alabama Power Co. v. McIntosh, 219 Ala. 546, 122 So. 677 (20);

Bessemer Feed Mills v. Ala. Gr. So. R. Co., 217 Ala. 446, 116 So. 796.

■ The giving of the charge under discussion is within this rule, and is reversible error.

■ The refusal of charges already covered by the court in some other form is not reversible error. Section 9509, Code. This applies to the refusal of charge 16, assuming that it is otherwise free from objection, which is not now considered.

We do not think that the objection urged to count A is well taken, or that it needs discussion. We refrain from expressing an opinion on the effect of the evidence in view of another trial.

For the giving of charges misplacing the burden of proof, the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.