160 So. 684

**SOVEREIGN CAMP, W. O. W., v. BARTON.**

**I Div. 855.**

Supreme Court of Alabama.

March 21, 1935.

Rehearing Denied April 25, 1935.

Lyons, Chamberlain & Courtney and Daniel H. Thomas, all of Mobile, for appellant.

Geo. S. Taylor and Wm. H. Cowan, both of Mobile, for appellee.

FOSTER, Justice.

The suit is for disability benefits as provided in a policy of life insurance issued by appellant to appellee.

The several counts allege the existence of the provision for disability benefits. Count 1 does not undertake to set out in full the terms of the provision, and does not allege that proof of such disability is thereby required, but alleges that satisfactory proof was made while the insurance was in full force, and also that notice was given. Count 2 quoted the terms of the policy in part as follows: "If such member, while younger than sixty years of age, and while the certificate is in full force and effect, has suffered bodily injury, through external, violent or accidental means, or by disease and shall furnish satisfactory proof to the society that he is and will be permanently, continuously and wholly prevented thereby for life from pursuing any and all gainful occupations or performing any work for compensation of value," and other provisions not here necessary to repeat. That count also alleged, among other sufficient matter, that plaintiff furnished satisfactory proof to defendant that he was so disabled, about the month of January, 1932, at a time when the policy was

in force. Count 3 alleges that the whole policy is attached, but the transcript does not set it out as thus attached. But no point is made on that, so we assume that the parties considered that the policy as introduced in evidence was in fact so attached. The policy did contain the provision as copied in count 2. Count 3 also alleged that plaintiff made satisfactory proof of such disability while the policy was in force. Besides some special pleas, defendant pleaded the general issue. That plea cast upon plaintiff the burden of proving that such proof was made. 33 Corpus Juris, § 829, p. 109; 37 Corpus Juris, § 413, p. 617.

■ Plaintiff wrote defendant, dated December 29, 1931, advising of his disability and its nature, and asking for "blanks and information for this transaction." This letter was answered on January 11, 1932, in which it is stated defendant is inclosing the blanks. Plaintiff testified that he did not receive the blanks. But as we understand the agreement of counsel on page 32 of the transcript, it is that the letter was received. Plaintiff certainly did not deny getting the letter, though he does deny getting the blanks. Plaintiff's letter to defendant is not sufficient proof. Equitable Life Assurance Society v. Dorriety (Ala. Sup.) 157 So. 59.[1] For the same reason the letter from the secretary of the lodge is not what is commonly understood to be proof.

■■ Since the complaint alleges that proof was made and issue was taken on it, that allegation is not sustained by proving a waiver of the requirement. 49 Corpus Juris, 802, note 52; 67 Corpus Juris, 308, note 30. Whether the evidence shows a waiver is not necessary for us to consider. While the replications to the special pleas undertake to set up waiver, the burden to prove the allegations of the complaint is cast on plaintiff by the general issue. Until that is done, the special pleas and replications have no office. Appellant was therefore due the affirmative charge.

This suit was apparently tried without reference to the following authorities recently published: McCutcheon v. All States Life Ins. Co. (Ala. Sup.) 158 So. 729[2]; Prudential Ins. Co. v. Gray (Ala. Sup.) 159 So. 265[3]; New England Mut. Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075; McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349; Equitable Life Assurance Society v. Dorriety, supra; Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809.

Upon the basis of those cases some of the special pleas presented an immaterial issue. The other was available to defendant under the general issue to the complaint as framed.

For the error we have pointed out, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

■

[1] 229 Ala. 352.　　[2] 229 Ala. 616.　　[3] Ante, p. 1.