184 So. 40

**HODGE v. BIRMINGHAM ELECTRIC CO.**

6 Div. 169.

Supreme Court of Alabama.

Oct. 13, 1938.

Rehearing Denied Nov. 3, 1938.

Chas. W. Greer, of Birmingham, for appellant.

Lange, Simpson & Brantley, of Birmingham, for appellee.

BROWN, Justice.

Action on the case by a passenger against the carrier to recover damages for personal injuries, alleged to have been inflicted on the plaintiff as a proximate consequence of the defendant's negligence in the operation of its street car.

The facts pleaded as suggesting negligence, though the complainant does not draw the conclusion of negligence therefrom, are that after plaintiff had entered the carrier's street car and paid her fare and was "standing in said street car, the said street car on said date was caused to jerk or lunge *in an unusual, violent, and unnecessary manner*," and "as a proximate result of said violent, unnecessary, and unusual jerk of the said street car * * * she was caused to be thrown to the floor of said street car," proximately resulting in her serious injury. (Italics supplied.)

The defenses interposed, were not guilty and contributory negligence pleaded in short by consent, and these issues were submitted to the jury resulting in a verdict for the defendant.

The evidence goes to show that the plaintiff boarded the street car about eleven o'clock in the forenoon of August 30, 1935, at 60th Street and First Avenue, to go to

588

the home of Mrs. Purvis on Huntsville Road, paid her fare to the conductor requesting a transfer; that the conductor did not understand the request for a transfer and gave plaintiff her change, above the fare, and plaintiff again requested a transfer and returned to the conductor the extra change and received a transfer. While waiting for the transfer, the plaintiff remained in what is referred to in the testimony as "the well"—an aisle or entrance way somewhat lower than the main floor or area of the car where seats are provided for passengers; the street car moved forward toward 59th Street.

The plaintiff testified: "As we approached 59th Street, I was still waiting on the transfer, I hadn't yet got it, it made a sudden jerk forward an unusual jerk in stopping some way, that jerked the car very suddenly forward and I went to catch and I threw my hand up to catch, and when I did I was facing the open door and I tried—tried to turn—I was standing facing him—I turned that way (indicating), threw my body around to catch *this iron rail* that separates the whites and negroes and when I reached for that they made a second jerk and I went backwards, one of my legs striking that thing (indicating) knocking me off my feet. I sat down backwards and threw my elbow back behind me to keep my head from hitting so hard. The motion of the car caused me to go all the way back. My head didn't hit real hard, but it hit hard enough for me to be pushed over on my face." (Italics supplied.)

The evidence offered by the defendant tended to show, inter alia, that the plaintiff did not pay her fare and proceed to an available seat when she entered the street car, nor did she request a transfer when she paid her fare, but loitered in the "well" without availing herself of support by holding to the rails and post, which phases of the evidence—consisting of the plaintiff's statement, that she threw her "body around to catch this *iron rail* that separated the whites and negroes," (Italics supplied) and the photographs of the street car—tended to show was equipment provided for such purpose.

■ The appellant's first insistence is that there is an absence of evidence going to support the hypothesis of special instructions 42 and 43, given at the instance of the defendant, to the effect that the street car was equipped with rails, post or handholds, by the use of which plaintiff, in the

exercise of reasonable care, could have supported herself and prevented her injury, and therefore, it was error for the court to give said instructions.

Without conceding, if appellant's premise was sound, that this would render said instructions more than abstract and misleading, the foregoing statement from the record fully answers this insistence.

■ The appellant's next insistence is that charge 36, given at the instance of the defendant, imposed on the plaintiff the burden of showing that the motion or jerk of the street car causing plaintiff to fall was both "violent and unnecessary," and that this was a greater burden than the law required.

The plaintiff, by the averments of her complaint, assumed the burden of showing that the jerk or lunge was "unusual, violent and unnecessary," therefore, said charge was given without error.

■ The appellant's third point is that the court erred in granting the defendant's motion to exclude the statement, by plaintiff in her testimony: "Well after I got home my condition seemed to grow gradually worse all the time."

This ruling of the court is not made a predicate for any of the assignments of error, and therefore, is not presented for review.

■■ The court erred in giving defendant's special instructions 17 and 20. These instructions were in conflict with the court's general oral charge to the jury, in respect to the burden of proof. Clinton Mining Company v. Bradford, 192 Ala. 576, 69 So. 4; People's Bank of Mobile v. McAleer, 204 Ala. 101, 85 So. 413; Alabama Steel & Wire Co. v. Thompson, 166 Ala. 460, 52 So. 75.

The burden of proof was on the plaintiff to show that she received her alleged injuries as a proximate consequence of the negligence of the defendant, and if she met this burden, the burden was on the defendant to prove its plea of contributory negligence. This was the effect of the court's oral charge. Charge 17 put the entire burden on the plaintiff, and charge 20 instructed the jury that if the evidence was in equilibrium on the issues the plaintiff could not recover, while the correct rule is if the evidence as to any essential fact, the onus of proving which rests on the plaintiff, is evenly balanced or in equi-

librium, plaintiff is not entitled to a verdict. Wheeler v. McGuire, Scroggins & Co., 86 Ala. 398, 5 So. 190, 2 L.R.A. 808; Steed v. Knowles, 97 Ala. 573, 582, 12 So. 75.

For the errors noted the judgment is reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.