185 So. 378

**SOVEREIGN CAMP, W. O. W., v. McLAUGHLIN.**

**1 Div. 15.**

Supreme Court of Alabama.

Dec. 22, 1938.

Lyons & Chamberlain, of Mobile, for appellant.

34

GARDNER, Justice.

The suit is on a benefit certificate of insurance on the life of Curvin McLaughlin, issued by defendant fraternal order.

For plaintiff the case was submitted to the jury on counts 2 and 3 of the complaint. Count 2 sought recovery of $2,000 as due by the terms of the insurance certificate; and count 3 was based upon the supplemental agreement attached to and a part of said certificate, known as the double indemnity benefit, and claimed $4,000 upon the theory the death of insured resulted "from bodily injury effected solely through external, violent and accidental means and within sixty days after the sustaining of such injury."

For defendant the pleading consisted of the general issue and special pleas that death was the result of suicide. The jury's verdict was for $4,256.

Charge 8 (appearing in the report of the case) given for plaintiff, misplaced the burden of proof and was erroneous. Here, as in New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 158 So. 309, the evidence as to whether the death of insured was accidental or suicidal was wholly circumstantial, and, as observed in the Jenkins' Case, supra, "the party who carried the burden of proof was at a disadvantage on that issue, to a larger degree perhaps than in an ordinary case dependent upon direct evidence, in view of the presumption against suicide."

The above noted authority is here much in point as the two counts there involved

Vernol R. Jansen, of Mobile, for appellee.

were of the same general nature as those submitted to the jury in the instant case. The given charge in the Jenkins' Case, supra, was good as to count 1, but erroneous as to count A, but not so limited in its language.

The precise situation is likewise here presented. As to count 2 the charge was correct, but erroneous as to count 3, for under this latter count the burden of proof, under the uniform decisions of this court, rested upon the plaintiff to show the insured's death resulted "from bodily injury effected solely through external, violent and accidental means." True, in sustaining this burden plaintiff may be aided by the rule of presumption against intentional self destruction (Inter-Ocean Casualty Co. v. Foster, 226 Ala. 348, 147 So. 127), but such presumption does not work any change in the matter of burden of proof. New York Life Ins. Co. v. Jenkins, supra; Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728; Sovereign Camp, W. O. W., v. Gunn, 224 Ala. 444, 140 So. 410; Id., 229 Ala. 508, 158 So. 192; Inter-Ocean Casualty Co. v. Jordan, 227 Ala. 383, 150 So. 147; Mutual Life Ins. Co. v. Maddox, 221 Ala. 292, 128 So. 383; New York Life Ins. Co. v. Beason, 229 Ala. 140, 155 So. 530; Fidelity-Phenix Fire Ins. Co. v. Murphy, 231 Ala. 680, 166 So. 604.

The giving of charge 8 for plaintiff presents error to reverse. New York Life Ins. Co. v. Jenkins, supra; Hodge v. Birmingham Electric Co., 236 Ala. 586, 184 So. 40.

We think the record discloses the trial judge offered to permit defendant to prove all matters between insured and the witness Lucille Redmond that were material. But the witness proved disappointing, and declined to testify as defendant had anticipated. Under the decisions of this Court reviewed in Alabama Power Co. v. Hall, 212 Ala. 638, 103 So. 867, the court committed no error in declining to allow defendant to show a contradictory statement by the witness previously made.

We have recognized the rule that on the issue of suicide "the 'widest latitude of inquiry as to existence of motive for such a course of conduct present in insured's mind when death occurred must be permitted to enable insurer to overcome presumption against suicide, if it can.'" Mutual Life Ins. Co. v. Maddox, supra, 128 So. 386. But we do not conceive that proof of mere acquaintance of insured with Lucille Redmond, or, indeed, that he objected to "a date" by her with another, without more, could be said to come within the rule of widest latitude above referred to, as these facts alone would not tend to shed light upon the issue involved.

There was no coroner's inquest held and jury verdict rendered thereon as provided by our statute. Section 4563, Code of 1923. Any "verdict" the coroner personally may have returned would be subject to the objection of hearsay testimony, and was properly denied.

What has been said should suffice for another trial of this cause. For the error indicated, the judgment will stand reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.