186 So. 126

**SOVEREIGN CAMP, W. O. W., v. BARTON.**

**‖ Div. 45.**

Supreme Court of Alabama.

Jan. 19, 1939.

Lyons & Chamberlain, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

122

BOULDIN, Justice.

On former appeal (Sovereign Camp, W. O. W. v. Barton, 230 Ala. 293, 160 So. 684), the complaint, on which the trial was had, alleged that plaintiff, the insured, had furnished to the insurer satisfactory proof of permanent total disability while the policy was in force and effect. We held the plaintiff had the burden of proving this averment in this action to recover the disability benefit, that in the absence of such proof defendant was entitled to an affirmative instruction; that the issue of waiver of proof presented by special replications to pleas was never reached.

After the cause was remanded, plaintiff filed amended counts 6 and 7, eliminating the averment of proof of disability, and alleging waiver thereof.' These counts disclosed that permanent total disability of the insured from disease intervened in November, 1931; that in December, 1931, the insured elected to accept the total disability benefits under the policy, in lieu of the death benefit, and notified defendant of his disability and his election to surrender the policy and receive the disability benefit, and requested the defendant to forward proper blanks and information to enable him to obtain the disability benefit; that on October 25, 1932, the defendant denied all liability on account of such claim upon the sole ground that the last assessment paid on the policy was for April, 1932, and on June 1, 1932, the insured had become suspended for non-payment of the May instalment, and for that reason the policy had become null

and void, and no benefits were payable; that defendant then knew no satisfactory proofs of disability had been furnished, and by denial of liability on the sole ground stated, defendant waived proof of disability.

The evidence, consisting of a letter from the insured to the insurer of date December 29, 1931, and a letter from the insurer to the insured of date October 25, 1932, in connection with the policy and evidence of ' total disability, tended to sustain the averments of these counts.

True, it appears that in August, 1932, negotiations had been had to reinstate the policy, resulting in application to that end, but this had been denied on the ground that the report of physicians disclosed the insured was not in good health. But the letter of October 25, and a letter to the State manager a few days later disclosed the claim for disability benefit was still pending or reopened, and a definite denial of liability on grounds stated in the complaint, followed by suggestions looking to reinstatement upon Health Certificate, and payment of intervening assessments.

■ But the record discloses that on the day of trial, after demurrers to other pleas to these counts were sustained, special pleas 1 and 2 addressed to these counts were filed. These pleas allege simply that at the time of the alleged waiver set up in these counts, the policy of insurance was not in force; had lapsed for non-payment of premiums. These pleas were proven without conflict.

For the present we are not concerned with the sufficiency of these pleas. If issue was joined thereon and their averments proven without conflict, defendant was due the affirmative charge as to these counts.

■ Appellee makes the point that the affirmative charges addressed to these counts were refused without error because they called for a verdict for defendant on each count, instead of instructing the jury no recovery could be had thereon. The point is well taken. Louisville & Nashville Railroad Co. v. Sandlin, 125 Ala. 585, 28 So. 40.

■ But the affirmative charge, with hypothesis as to the whole case, was requested in writing by defendant and refused.

Such charge called for a consideration of the effect of the evidence as to each count and the pleas directed thereto. If a case for the jury was made on any count, it was due to be refused. Otherwise it was due to be given.

■ Appellee earnestly insists that these special pleas 1 and 2 should be treated as eliminated from the case. We cannot go outside the record to consider suggestions that. these pleas were filed without leave of the court, were never called to the attention of the court or counsel for defendant.

■ The record contains these pleas, a recital that they were filed, with the date, the day of trial, following a ruling on demurrer to other pleas. If they never became a part of the record as pleas duly filed and made issues in the cause, steps should have been taken to eliminate them from the record.

■ The more serious point raised is that the trial court in his oral charge made direct reference to the pleas and the issues they presented, entirely omitting any mention or reference to these pleas. It is argued that thereby the issues raised by these pleas were eliminated from those submitted to the jury and that defendant acquiesced by failure to call same to the court's attention or except to the oral charge.

We are of opinion the request for the affirmative charge directs the court's attention to the state of the evidence on all the controlling issues presented by the pleadings. To require the party requesting such charge to restate the issues, or call special attention to some pleading, would needlessly invite further debate and prolongation of the trial. As for counts 6 and 7, therefore, we think defendant, under the pleadings as presented by this record, was due the general affirmative charge.

■ The cause was also tried on a further count, number 9, claiming the specific benefit on the common count.

This count, admittedly, proceeds on the idea that all has been done which needs to be done, and the sole obligation remaining is to make payment of the specific sum. The general issue on such count casts on the plaintiff the burden of proving all matters essential to such status, and opens the door to any defensive matter disproving such cause of action.

■ But several special pleas were directed to this count, to which demurrers were overruled, and issue joined thereon. Among them, for example, plea 5, specifically sets up failure to furnish proof of disability as required by the policy in bar of the action. This plea was proven without dispute. Hence, defendant was due the affirmative charge on this count.

It follows there was error in refusing the general charge for defendant on the whole case.

While, in the view we take of the present record, it is unnecessary to decide other questions, since another trial is to result, we treat another question raised by certain charges, and fully discussed in briefs as of controlling effect in the case.

■ Is a denial of liability on other specified grounds, a waiver of proof of disability, if such denial is made after the time for proof of disability has passed—in this case, after the policy had lapsed for non-payment of premiums?

The authorities are at variance on this question. Some hold the better rule to be that after the time for making proof of loss has elapsed, a denial of liability on other grounds is not a waiver of such proof; others that the prevailing or general rule is that there is or may be a waiver by such denial of liability.

This court has quite definitely committed itself to the latter view. Rhode Island Ins. Co. of Providence v. Holley, 226 Ala. 320, 146 So. 817; Byrd v. Aetna Life Ins. Co., 25 Ala.App. 318, 146 So. 78; Sovereign Camp, W. O. W. v. Clarke, 229 Ala. 382, 157 So. 259. See, also, 26 C.J. 406, 408; 33 C.J. 22, 25; 1 C.J. 480; 14 R.C.L. p. 1350.

■ In view of one phase of the evidence in this cause, we deem it appropriate to say the right to make proof of disability may not be lost as matter of law by failure to make proof while the policy is still in force.

■ The insured has died since the former trial, and the cause was revived in the name of his personal representative. The evidence of plaintiff, taken on the former trial, was offered in evidence. This evidence tended to show that, although, on his request back in December, 1931, the insurer wrote that forms of proof were being sent, they were not enclosed, and that several other letters passed without getting forms of proof, defendant refusing to answer letters. The truth of this was for the jury. The policy required proof in the form prescribed by the insurer. It became its duty to promptly furnish said forms.

■ Disability benefits are intended to be promptly available to meet the needs resulting from disability. The stipulation that proofs must be furnished while the policy is in force is not intended to force the

124

insured to keep the policy in force indefinitely awaiting forms for proofs nor action thereon. Satisfactory proofs in this connection means proofs which should be deemed satisfactory.

 ] Now, if there was a refusal to furnish forms of proof on request, or if there was at first an oversight, but further requests were ignored, and forms never sent, and the plaintiff continued to keep the policy in force for four or five months by payment of assessments, the insurer was in no position to set up a failure to furnish proofs until after the policy lapsed as a defense to this action. 1 C.J. 479; 33 C.J. 26, 29.

Reversed and Remanded.

GARDNER, THOMAS, and FOSTER, JJ., concur.