193 So. 739

### SOVEREIGN CAMP, W. O. W., v. McLAUGHLIN.

I Div. 59.

Supreme Court of Alabama.

Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

Lyons & Thomas, of Mobile, for appellant.

V. R. Jansen, of Mobile, for appellee.

BROWN, Justice.

This case was here on a former appeal from a judgment in favor of the plaintiff and the judgment was reversed for error committed in giving Charge 8, which misplaced the burden of proof as to Count 3 of the complaint claiming double indemnity for accidental death. Sovereign Camp, W. O. W., v. McLaughlin, 237 Ala. 33, 185 So. 378.

At the trial following the reversal the plaintiff amended the complaint by adding Counts A and B, in substance and legal effect the same as Count 3, except that Count 3 averred "and due proof of the death of Curvin McLaughlin has been received by the Defendant," while Count A averred "of which due proof was furnished the defendant," and Count B "that the insured Curvin McLaughlin died on to-wit, the 31st day of May, 1937, and his death resulted from bodily injuries within sixty days after such injury independent of all other causes, effected solely through external violent and accidental

means, of which the Defendant has had notice."

The case went to the jury on Counts 2, 3, A and B, the plea of the general issue, special plea setting up suicide, to all of said counts, and special pleas 6 and 7, addressed to Counts 3, A and B.

Plea 6 avers:

"That the policy sued on contained the following:

" 'Double Indemnity Benefit

" 'The Association will pay $4000, less any indebtedness to the Association hereon, in lieu of the face amount of said certificate, upon receipt of due proof that the death of the member resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and within sixty days after sustaining such injury.'

"*The Defendant further alleges that said Curvin McLaughlin did not come to his death directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and within sixty days after sustaining such injury.*" (Italics supplied.)

Plea 7 adopted the averments of plea 6, and added the following: "And Defendant further alleges that it never did receive due proof that the death of the member resulted directly and independently of all other causes from bodily injury, effected solely through external, violent and accidental means and within sixty days after sustaining such injury."

There was a verdict and judgment for the plaintiff on the said trial, from which this appeal is prosecuted.

■ The evidence, aided by the presumption against self-destruction, made a case for jury decision under the issues presented by Count 2 of the complaint, the plea of the general issue and the plea of suicide—issues free of the burden incident to the other counts predicated on accidental death—and this justified the refusal of the general affirmative charge. Sovereign Camp, W. O. W., v. McLaughlin, supra.

■ The issue of fact presented by the italicized averments of defendant's pleas 6 and 7 was, under the evidence, also for jury decision. This state of the evidence justified the refusal of the affirmative

charge as to the several counts of the complaint.

██ Moreover, said several charges instructed the jury to *"find a verdict for the defendant,"* and were bad in form and misleading, and therefore properly refused. Sovereign Camp, W. O. W. v. Barton, 237 Ala. 120, 186 So. 126. (Italics supplied.)

We find no reversible errors on the record.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.