112 So.2d 458

### Jefferson V. L. WILKEY

v.

### AETNA LIFE INSURANCE COMPANY.

6 Div. 316.

Supreme Court of Alabama.

May 29, 1959.

Mead & Norman and Marshall H. Fitzpatrick, Birmingham, for appellant.

London, Yancey, Clark & Allen, Geo. W. Yancey and Jas. E. Clark, Birmingham, for appellee.

GOODWYN, Justice.

This is an appeal by the plaintiff from a judgment of the circuit court of Jefferson County rendered on a jury verdict in favor of defendant. The suit was brought to recover disability payments under two insurance policies issued to plaintiff by defendant.

The complaint consists of two counts. Count 1 seeks recovery under one of the policies which, it is alleged, "provided,

among other provisions, that if the plaintiff (therein and at times herein called 'the insured') before attaining the age of sixty (60) years has become totally disabled by bodily injury or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of 90 consecutive days, then the defendant (therein and at times herein called 'The Company') will thereafter pay to the insured the sum of Fifty Dollars ($50.00) per month and will waive the payment of all premiums on said policy falling due during such disability." Count 1 also contains the following averment:

"The plaintiff avers that on, to-wit, September 15, 1954, the plaintiff had become and was totally disabled within the meaning of said policy by disease, viz., osteoarthritis of the lumbar vertebrae, degenerative lumbar sacral disc, osteomyolitis, chronic, lower right tibia and fibula, so that the plaintiff was, within the meaning of said policy, and has been by said disease continuously and totally disabled from to-wit, September 15, 1954 to the present time, and during all of said period, prevented from performing any work or conducting any business for compensation or profit. * * *"

Count 2 seeks recovery on the other policy which, it is alleged, "provided, among other things, that if the plaintiff (therein and at times herein called 'the insured') before attaining the age of sixty (60) years has become wholly, continuously and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, from causes originating after the delivery of said policy, and all premiums previously due have been paid, the defendant (therein and at times herein called 'The Company') will thereafter pay to the insured the sum of Fifty Dollars ($50.00) per month and will waive the payment of all premiums falling due thereafter during such disability." Count 2 also contains the same additional allegation as quoted above from Count 1.

The defendant entered a plea in short by consent.

The trial court gave 16 written charges requested by defendant. The giving of some of these charges presents the real issue on this appeal. It is thus stated in appellant's brief:

"* * * It is appellant's sole contention on this appeal that a number of these charges given at the request of appellee, erroneously stated the law with respect to the meaning of the total and permanent disability provisions of the policy sued on and instructed the jury that there was a far different and much broader ultimate fact necessary to be proved by the plaintiff to their reasonable satisfaction, than is required by the true and correct applicable rule of law. This error infects defendant's given charges 4, 5, 6, 10, 11, 15, 17, 18, 20 and 22. * * *"

Defendant's given charge 4 is as follows:

"4. I charge you, gentlemen of the jury, that this is an action or suit, not to recover for partial disability, but to recover for total disability which has prevented the plaintiff from performing any work or conducting any business for compensation or profit, and I further charge you that if you are not reasonably satisfied from the evidence in this case that the plaintiff was, on or before December 10, 1954, totally and permanently disabled from performing any work or conducting any business, I then charge you that you cannot return a verdict in favor of the plaintiff and against the defendant."

Each of the other charges (Nos. 5, 6, 10, 11, 15, 17, 18, 20 and 22) is of similar import in defining total and permanent disability as constituting inability to perform "any work or conducting any business for compensation or profit." Appellant insists that these charges erroneously state the applicable law; that "the correct rule under such policies is that the insured is en-

titled to recover when he cannot substantially perform the material duties of some occupation for which he is qualified by experience and training."

Appellee takes the position that the charges were properly given under the pleadings; that both counts of the complaint allege that plaintiff is permanently disabled from performing "any work or conducting any business for compensation or profit"; that the burden was on plaintiff to prove these allegations and that the given charges conform to the allegations; that "parties may frame their own issues and thereby immaterial matters may be made material, inasmuch as litigants have the right to try their cases on issues of their own selection, in accordance with which judgment must be pronounced."

Appellee further insists that it was due the general affirmative charge as requested by it and, therefore, the giving of the charges objected to, if error, furnishes no ground for a new trial.

What was said in Metropolitan Life Ins. Co. v. Alston, 248 Ala. 671, 674, 29 So.2d 233, 234, disposes of the question as to the propriety of giving defendant's requested charge No. 4 and its other charges of similar import. In that case the policy sued on provided for disability payments upon the insured becoming totally disabled "so as to be prevented thereby from engaging in any business or occupation, and performing any work for compensation or profit." In the case now before us disability payments are provided for when the insured becomes "unable to perform any work or conduct any business for compensation or profit." It can be seen, therefore, that the provisions in the two policies are essentially the same. In the Alston Case, supra, it was said:

"Our cases applying total disability clauses similar in material respects to that now under consideration have held that they mean that such total disability exists when, and only when, the insured

cannot substantially perform the material duties of some occupation for which he is qualified by experience and training. Mutual Life Ins. Co. [of New York] v. Danley, 242 Ala. 80, 5 So.2d 743; Protective Life Ins. Co. v. Hale, 230 Ala. 323, 161 So. 248; New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547; Mutual Benefit Health & Accident Ass'n v. Bain, 242 Ala. 471, 6 So.2d 599; Mutual Life Ins. Co. [of N. Y.] v. Brunson, 246 Ala. 233, (12 and 13), 20 So.2d 214."

█ It is apparent that the charges with which we are here concerned attempt to hold the plaintiff to the literal language of the policy and are, therefore, too narrow. The charges require plaintiff to prove that, prior to reaching age sixty, he became unable to perform any work or conduct any business for compensation or profit. In effect, this requires proof of plaintiff's absolute helplessness. Such is not the meaning of the disability provisions in the policies, as construed by this court in a long line of cases: Metropolitan Life Ins. Co. v. Alston, supra, and cases there cited.

█ It is to be noted that the trial court orally charged the jury in line with what was said in the Alston Case. But that fact does not cure the error in giving defendant's requested written charges. There is no way of knowing which of the contradictory charges the jury followed. See: Terry v. Nelms, 256 Ala. 291, 293, 54 So.2d 282; New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 475, 158 So. 309; Johnson v. Louisville & N. R. Co., 220 Ala. 649, 651, 127 So. 216. As said in Alabama Power Co. v. McIntosh, 219 Ala. 546, 551, 122 So. 677, 681:

"A written charge misstating the law of the case on controlling issues therein is not cured by oral instructions correctly stating the law. No one can tell which of two contradictory instructions the jury has followed."

**312**

We find no merit in appellee's contentions. The complaint, in alleging plaintiff's disability, follows the language of the policies sued on. That is sufficient. It is not necessary that the precise meaning of such provisions, as construed by this court, be alleged. It is to be noted, moreover, that both counts of the complaint allege that plaintiff became disabled "within the meaning" of the provisions of the policies.

We have examined the evidence and cannot agree, as insisted by appellee, that it was due the affirmative charge with hypothesis. There was at least a scintilla of evidence from which the jury could find that appellant was disabled within the meaning of the policies. Appellee also insists that it was due the affirmative charge as to each count because "appellant, prior to filing suit, failed to give, at the home office of the appellee, proof of such disability, as required by the policies, as a condition precedent to appellee's obligation to pay monthly indemnity." It seems to be appellee's insistence that the proof furnished appellee did not show that plaintiff was totally disabled, and that he is thereby prevented from "performing any work or conducting any business for compensation or profit." It was only necessary that plaintiff furnish proof of disability within the meaning of the policy, as already discussed. As to whether this was done presented a question for the jury.

We have refrained from discussing the evidence "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Frost v. Johnson, 256 Ala. 383, 386–387, 54 So. 2d 897; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 74, 127 So. 504.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.