131 So.2d 710

ROBERTS CONSTRUCTION
COMPANY, Inc.

v.

Hugh W. BROWN, Jr.

ROBERTS CONSTRUCTION
COMPANY, Inc.

v.

Thelma Alice BROWN, pro aml.

6 Div. 445, 446.

Supreme Court of Alabama.

May 25, 1961.

Rehearing Denied June 29, 1961.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellants.

Dempsey Pennington and Ernest W. Weir, Birmingham, for appellees.

GOODWYN, Justice.

These are appeals in two separate cases tried together in the circuit court of Jef-

ferson County and submitted here on one record by agreement of the parties. Verdicts were returned in favor of the plaintiffs in both cases and judgments thereon were duly rendered. These appeals are from said judgments and from judgments overruling the defendant's motions for new trials.

In 6 Div. 446 the suit was brought by Thelma Alice Brown, 6 years old, suing by her father and next friend, Hugh W. Brown, Jr., to recover damages for her personal injuries. In 6 Div. 445, Hugh W. Brown, Jr., brought suit for the loss of services of his said daughter. As the cases finally went to the jury, appellant Roberts Construction Company, Inc., was the only defendant in each case.

In the child's case the verdict and judgment was for $5,000 and in the father's case $750.

The complaint in the child's suit consisted of two counts, one for negligence and the other charging the defendant with wantonness.

In the father's case, there is one count which is based on negligence.

It appears from the evidence that the child was injured while riding on a rig operated by appellant's employee in the performance of a street improvement contract with the City of Birmingham. The rig consisted of a Farmall Tractor pulling a roller, to which there was attached a "drag broom" consisting of a wooden frame with street brushes nailed to the under side. When the child fell from the rig she became entangled in it and was dragged along the street until her cries were heard by the operator.

One of the assignments of error in each case is that the court erred in giving to the jury as a part of its oral charge the following instructions, to the giving of which the defendant (appellant) duly excepted, viz.:

"If you find from the evidence, after carefully considering it, that the operator of the machine knew that the child was riding on the back of this brush, or had reason to believe that she was riding there, then he owed a duty to do everything that a reasonably prudent person would do under the same or similar circumstances to avoid any injury to the plaintiff."

To place this part of the charge in proper context, we quote the following which immediately preceded it, viz.:

"* * * There is evidence here that the minor plaintiff in the case was riding upon a part of this rig or this road machinery. And I say to you, gentlemen, that if, from the evidence after careful consideration of the evidence, you are reasonably satisfied that the agent, servant or employee of the defendant, and while acting within the line and scope of his employment, knew that this child was riding upon this machine or brush, as it has been referred to, then there arose a duty on the part of this agent to use all reasonable care not to injure the plaintiff; it is for you to determine, gentlemen, what the facts show about that, whether it was any negligence on the part of the operator of the machine, that is a question of fact for you to determine. * * *"

As already noted, there appears to be no question that the child was riding on the brush or rig. And there was evidence from which the jury could find that she was a trespasser thereon. This, obviously, was the issue to which the foregoing portions of the oral charge were addressed. The portion objected to conditioned the right of recovery, in one alternative, to a finding by the jury that the operator "had reason to believe that she was riding there." Such is not the applicable rule. The duty owed a trespasser on a motor vehicle is thus stated in Birmingham Ice & Cold Storage Co. v. Alley, 237 Ala. 503, 509, 25 So.2d 37, 42, viz.:

"It is evident that this court has consistently held that before the owner

**442**

or operator of a truck can be held guilty of actionable negligence either in or about the operation of the truck or in or about ejecting the trespasser, he must have (1) discovered the trespasser in a position of manifest peril on the truck, and (2) *with actual knowledge* of both his presence and his danger, (3) negligently failed to exercise ordinary care to prevent injury. * * *" [Emphasis supplied.]

 We observe that a child, as well as an adult, may be a trespasser. Atlantic Coast Line R. Co. v. French, 261 Ala. 306, 309, 74 So.2d 266; Lovell v. Southern Ry. Co., 257 Ala. 561, 563, 59 So.2d 807; Birmingham Ice & Cold Storage Co. v. Alley, supra; Luallen v. Woodstock Iron & Steel Corporation, 236 Ala. 621, 623, 184 So. 182. As said in Atlantic Coast Line R. Co. v. French, supra [261 Ala. 306, 74 So.2d 268]:

"It is well established that a child may become a trespasser upon the same facts that would fix that status upon a person of legal discretion and this is true although the child be incapable of contributory negligence. * * *"

Appellees argue that the part of the oral charge objected to could have had no adverse effect upon the rights of the defendant in view of the giving of defendant's requested charge 17. We have held that the giving of a correct charge (assuming that charge 17 was properly given) does not cure the error in giving a prejudicially erroneous one, as there is no way of knowing which of the contradictory charges the jury followed. Harris v. Schmaeling, 270 Ala. 547, 549, 120 So.2d 731; Wilkey v. Aetna Life Insurance Company, 269 Ala. 308, 311, 112 So.2d 458; Terry v. Nelms, 256 Ala. 291, 293, 54 So.2d 282; Pinkerton v. State, 246 Ala. 540, 542, 22 So.2d 113; New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 475, 158 So. 309; Johnson v. Louisville & N. R. Co., 220 Ala. 649, 651, 127 So. 216; Alabama Power Co.

v. McIntosh, 219 Ala. 546, 551, 122 So. 677. Under the circumstances of this case, we are unable to say that the portion of the oral charge excepted to was not prejudicially erroneous. It seems to us that it went to the very heart of one of the real issues in the cases, that is, whether the operator knew the child was on the brush or rig. There is a marked difference between having "actual knowledge" of her presence and "having reason to believe" she was there. "Actual knowledge" means positive, in contrast to imputed or inferred, knowledge of a fact. "Having reason to believe" imports knowledge imputed or inferred from the attendant circumstances. As already noted, the rule requires that there be "actual knowledge" of the presence of a trespasser.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.