168 So.2d 621

**J. F. HOLLEY CONSTRUCTION COMPANY, Inc.**

v.

**BROWN SERVICE FUNERAL HOMES COMPANY, Inc.**

**6 Div. 86.**

Supreme Court of Alabama.

Nov. 5, 1964.

A. W. Jones, Victor H. Smith and Pritchard, McCall & Jones, Birmingham, for appellant.

Whitmire, Morton & Coleman, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a judgment granting a motion for a new trial.

Appellee sued appellant for damages for breach of a contract for the construction of a funeral home. The jury found for the appellant, and the trial court granted appellee's motion for a new trial.

Appellee's amended compaint consisted of Counts One and Two, which charged breach of a written contract, and Counts A and B, which charged breach of a contract partly written and partly oral.

■ The order granting the new trial was not rested on any specific ground. When so, the judgment granting the new trial must be sustained on appeal if any good ground is presented. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Commercial Standard Ins. Co. v. Berger Investment Co., 264 Ala. 208, 86 So.2d 282.

■ Ground 8 of the motion for a new trial charged that the court erred in giving. Charge D requested by appellant:

"The Court charges the Jury that before they are authorized to hold the defendant liable in damages to the plaintiff for any breach of any contract, the burden is on the plaintiff to reasonably satisfy the Jury from the evidence that such contract was entered into by the defendant through some agents or servants of it, and on its behalf, while acting within the line and scope of his. employment as such agent of defendant, or that the defendant, with full knowledge of the relevant facts, subsequently ratified any purported contract which undertook to bind it."

Obviously the use of *"any* breach of *any* contract" is too broad and the charge should have been refused.

We think this charge stated an erroneous principle under the pleadings in this case to the prejudice of the appellee (plaintiff), because it casts upon the plaintiff a greater burden of proof than the law requires.

The case went to the jury on the four counts and appellant pleaded the general issue in short by consent.

█ As previously stated, Counts One and Two sought damages for breach of a written contract. The rule is that where a written contract is the foundation of the suit and the complaint alleges its execution by the defendant, in the absence of a sworn plea denying its execution, the plea of the general issue confesses of record the execution of the contract and relieves the plaintiff of proving its execution. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464. This rule is based on Tit. 7, § 375, Code 1940, which reads:

> "Every written instrument, the foundation of the suit, purporting to be signed by the defendant, his partner, agent, or attorney in fact, must be received in evidence without proof of the execution, unless the execution thereof is denied by plea verified by affidavit; and every assignment of such instrument, on which suit is brought in the name of the assignee, must be deemed genuine, unless impeached in like manner, when, in either case, the burden of proof is cast on the plaintiff."

We have held that the intention of its enactment was to relieve the plaintiff from the burden imposed by the common law, of proving the execution of the instrument sued on, unless the defendant denied its execution by a verified plea. In the absence of such plea, the fact of execution is not in issue. Whether the defendant ex-

ecuted it, or whether it was executed by anyone having authority to bind him, is a fact resting within his own knowledge, and it is not unjust to him to foreclose all inquiry on that point unless he denies it under oath. Wimberly v. Dallas, 52 Ala. 196.

Here, Counts One and Two alleged that the written contract was entered into, it was introduced into evidence without objection and appears on its face to have been duly executed by the parties on the date alleged in the two counts.

█ It was error for the trial court to limit plaintiff's right to recover, and to place the burden on appellee to prove something which was admitted under the pleadings, as to Counts One and Two.

█ The rule is that though the court may have otherwise correctly charged the jury, that fact would not cure the error in giving charges which erroneously place the burden of proof. New York Life Ins. Co. v. Jenkins, 229 Ala. 474, 158 So. 309, and cases there cited.

Charge D does not merely undertake to state the elements of the case to be proved, but deals with the burden and quantum of proof necessary for plaintiff to recover, and we have held that the placing of a greater burden on the plaintiff than the law requires constitutes reversible error. Harrison v. Emens, 235 Ala. 319, 179 So. 219, and cases there cited. We have also held that where a charge was correct as to one count, but erroneous as to another because of the misplacing of the burden of proof, the giving of the charge, not properly limited, was error to reverse. Sovereign Camp, W. O. W. v. McLaughlin, 237 Ala. 33, 185 So. 378.

We are constrained to hold that the court erred in giving Charge D and this well could be the reason the motion for a new trial was granted.

**254**

There is another principle which saves the judgment from reversal, viz., where the trial court grants a motion for a new trial without specifying the ground or grounds upon which the ruling was rested, and one of the grounds is that the verdict was against the great weight, or great preponderance, of the evidence, we will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence (a statutory ground) or that the verdict was unjust in the light of the evidence (a common law ground). Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103, and cases there cited. The evidence in the instant case was in conflict, but if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had the right and was under a duty to set it aside and grant a new trial. On appeal, this court will not reverse an order granting a new trial unless the evidence adduced in the trial plainly and palpably shows that the trial court was in error. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

After a careful consideration of the evidence, we cannot say that the trial court's action in setting aside the verdict and granting a new trial was clearly and plainly wrong. Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816.

The trial court set aside the verdict and judgment with full knowledge of the incidents of trial, considering the question of whether prejudice resulted. We do not think his judgment should be reversed, since the record shows the giving of an erroneous charge. Western Union Telegraph Co. v. Gorman, 237 Ala. 146, 185 So. 743[7].

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.