224 So.2d 630

Thomas M. BONDS et al.

v.

James Emmett AKINS et al.

6 Div. 633.

Supreme Court of Alabama.

June 12, 1969.

274

Lowe & Williams, Birmingham, for appellees.

Corretti, Newson, Rogers & May, Birmingham, for appellants.

MERRILL, Justice.

This appeal is from a judgment for $1,-800.00 in a suit for damages for breach of warranty against defects in a dwelling.

In August, 1964, appellants sold a house and lot to appellees. Appellants gave appellees a written "One year warranty against defects in workmanship and materials." Within the year, several defects developed in the premises. The basement leaked, problems developed with the septic tank, several windows had no screens, there were no handles on the windows, some bricks were cracked and there were cracks in brick joints around the garage door and the picture window in the house, electric cover plates were left off, tile cracked, a door warped and other unspecified defects. The main complaint or defect was water in the basement. Most of the defects were remedied but water continued to seep into the basement and there were still some cracks in the masonry at the time of trial.

After verdict and judgment, appellants made a motion for a new trial which was overruled and this appeal followed.

Appellants' second assignment of error is that the trial court erred in overruling their motion for a new trial. They argue first grounds 8, 9, 10 and 11 which charge that the verdict was excessive. This is based primarily on the testimony of one of appellees' witnesses, who testified that the amount necessary to complete the basement in a good and workmanlike manner would be $1,200.00 to $1,400.00 and, therefore, $1,400.00 would be the top amount of damages to be awarded under the evidence. It is further argued that the verdict of $1,800.00 was at least $400.00 more than it should have been.

In Fox v. Webb, 268 Ala. 111, 105 So.2d 75, 67 A.L.R.2d 1007, where an owner withheld the final payment to a builder because the house was not being built according to plans and specifications, this court quoted with approval from Walstrom v. Oliver-Watts Construction Co., 161 Ala. 608, 50 So. 46, as follows:

"' * * * The authorities above cited are uniform in holding that an owner, who has sustained injury by reason of a breach of the building contract on the part of the builder, may recover in a separate action against the builder, or, if sued by the builder on a quantum meruit, that he may recoup or set off such damages as are the proximate result of the breach, the amount of which, as above stated, being the difference between the value of the work furnished or building constructed and the value of that contracted for, or the reasonable value of the extra work occasioned the owner in making the building conform to the contract stipulations. * * * '"

One of the plaintiffs, J. E. Akins, testified that the value of the premises as warranted on October 24, 1964 was $15,-500.00, and the value in its defective condition was $13,000.00. This difference of $2,-500.00 was above the amount of the verdict and certainly within the limits of the evidence.

A reviewing court is very reluctant to substitute its judgment for that of the jury and the trial court, and will not do so unless the verdict is so excessive as to indicate passion, prejudice, corruption or mistake on the part of the jury. Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522, and cases there cited. We find no basis for applying that principle here.

Grounds 14, 15 and 16 of the motion for a new trial complain that the court refused to give three different charges, all of which raised the same point. We quote refused charge 6:

"I charge you, ladies and gentlemen of the jury, that if you are reasonably satisfied from the evidence in this case that the plaintiffs proved a contract with only one of the defendants, then your verdict must be in favor of both defendants and against the plaintiffs."

Appellants admit in brief that "there is evidence that the defendant, Thomas M. Bonds, signed a sales closing statement which contained the warranty made the basis of plaintiffs' claim. There

is also evidence that the defendant, Ernestine Bonds, signed a copy of such a closing statement." That statement of itself is sufficient for us to hold that there is no merit in these grounds of the motion for a new trial. However, absent such an admission the rule is "that where a written contract is the foundation of the suit and the complaint alleges its execution by the defendant, in the absence of a sworn plea denying its execution, the plea of the general issue confesses of record the execution of the contract and relieves the plaintiff of proving its execution." J. F. Holley Const. Co. v. Brown Serv. Fun. Homes Co., 277 Ala. 251, 168 So.2d 621; Tit. 7, § 375, Code 1940. The written warranty was the foundation of the suit, and no plea of non est factum was filed.

Assignment of error 5 reads:

"For that the Court erred in entering a judgment for $1,800.00 when the maximum damages supported by the testimony is $1,200.00 to $1,400.00."

We have already shown that this assignment is without merit in our discussion of the question of excessiveness of the verdict.

Assignment 6 charges error in the following part of the court's oral charge:

" * * * If you are reasonably satisfied that there was a defect in that building, and that defect could not be cured and repaired, then you will consider the difference, if any, there was in the value of this property in question in October of 1964, and what it would have been if the material used in the construction of said building had been of good material and all the work and labor on the building had been done in a good and workmanlike manner. So, you could consider these two things in arriving at what would be damages in this case."

The suit was not filed until April 15, 1968, and we cannot agree with appellants' contention that there "was no evidence in this record to the effect that any de-fect in the dwelling house sold by the defendants to the plaintiffs could not be cured or repaired."

 Appellants do not insist that all the defects had been remedied or repaired prior to the time of filing suit and we find no error in this part of the oral charge because the testimony conclusively shows that appellants had not cured all the defects although numerous attempts had been made to do so.

No reversible error has been argued in brief.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.