This is an appeal from a jury verdict rendered in favor of appellees Phillip and Marsha Brackner against appellants Hubbard Brothers Construction Company, a corporation licensed to do business in Alabama, and R.V. Hubbard, president of the company, for $7,000.00 in damages resulting from appellants' breaches of a construction contract and express and implied warranties. In view of the fact that appellees failed to adduce any evidence of the diminished value of their home due to these breaches at the time they first obtained possession of it, we reverse and remand for a new trial.
On January 5, 1977 Hubbard Brothers Construction Company, acting by and through its president, R.V. Hubbard, contracted with Phillip and Marsha Brackner to build a house for them in Bessemer, Alabama and to convey to them the subdivision lot on which the house was to be built for a total contract price of $43,500.00. Appellees later received both a warranty deed to the property and a separate warranty from appellants whereby the latter expressly warranted that the dwelling they were then building for appellees would be "constructed in substantial conformity with the plans and specifications . . . which have been approved in writing by the Federal Housing Commissioner. . . ." The Brackners moved into their newly completed home around February 28, 1977. Almost immediately thereafter appellees became *Page 649 
aware of numerous defects, such as leaks and cracks, in the construction of their home which appellants either neglected to or were unable to remedy.
Appellees instituted the present action against appellants and William E. Mays, a construction inspector for the Veterans Administration, on June 26, 1978, alleging that appellants had breached the construction contract of January 5, 1977 signed by appellants and appellees, the FHA warranty and any implied warranty of fitness or habitability, and had defrauded appellants, that Mays "negligently, recklessly and/or wantonly gave written approval [of the construction of their house] as being a satisfactory construction job when in fact the construction job was done in an inferior, unacceptable, and totally unworkmanlike manner," and had also defrauded the Brackners. Appellees prayed for damages or, in the alternative, for either specific performance of the terms of the contract and warranty or a setting aside of the conveyance of property to them. Appellants answered denying the allegations of fraud, breach of contract, and breach of any warranty, express or implied. Mays filed a separate answer denying the allegations of negligent or wanton misconduct against him contained in the appellees' complaint.
The case proceeded to trial but during the course thereof the court dismissed William Mays as a party defendant and granted appellants' motion for a directed verdict with regard to appellees' allegations of fraud. At the close of all the evidence, appellants' attorney moved for a directed verdict in his clients' favor as to the remaining allegations in appellees' complaint, contending, inter alia, that appellees had failed to prove any damages resulting from appellants' conduct since the Brackners had neglected to produce any evidence respecting the diminished value of their home in its defective condition at the time appellants surrendered possession of it to them. This motion was denied but the trial judge instructed the jury that:
 The measure of damages for you to consider in the event that you find in favor of the plaintiffs and against the defendants Hubbard is the difference in the reasonable market value of the house as it was in in its condition at the time the plaintiffs received it and the reasonable market value of the house as it would have been had the house been constructed substantially according to the contract or warranty if constructed in a good and workmanlike manner.
Neither appellants nor appellees objected to the form or substance of this oral instruction. As previously noted, the jury returned a verdict in favor of appellees and assessed their damages at $7,000.00. Appellants subsequently filed a motion for judgment notwithstanding the verdict and a motion for a new trial claiming, among other things, that appellees had failed to prove that they had suffered any damages as a consequence of appellants' conduct. These motions were denied and this appeal followed.
At the outset, we note that both appellants and appellees were apparently satisfied with the trial judge's instruction as to the proper measure of damages in this case. So are we. SeeFox v. Webb, 268 Ala. 111, 105 So.2d 75 (1958) (breach of contract); Bonds v. Akins, 284 Ala. 273, 224 So.2d 630 (1969) (breach of express warranty); Sims v. Lewis, Ala.,374 So.2d 298 (1979) (breach of implied warranty of fitness and habitability). Although appellees did demonstrate at trial by competent testimony that the reasonable market value of their home if properly constructed would have been approximately $43,500.00, they failed to introduce any evidence tending to prove the reasonable market value of their home in the condition in which they originally received it from appellants. Hence, the jury's verdict was based upon mere speculation and conjecture and cannot stand. See Crommelin v. MontgomeryIndependent Telecasters, Inc., 280 Ala. 391, 194 So.2d 548
(1967). Citing American Life Insurance Co. v. Shell, 265 Ala. 306, 90 So.2d 719 (1956), appellee earnestly contends that the jury's assessment of damages was entirely proper since mere uncertainty as to the amount of a plaintiff's damages *Page 650 
has been held not to preclude his right to recover same. We cannot agree. As Shell clearly indicates, this rule of the law of damages is applicable only "where the defendants' wrongful act has made it difficult for the plaintiff to show with reasonable certainty the amount of his loss." We cannot say from our perusal of the record that appellees have convincingly demonstrated that appellants' wrongdoing made it impossible or unreasonably difficult for them to produce admissible evidence tending to show with reasonable certainty the diminished value of their home at the time they initially received it from appellants.
The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.