This case involves the breach of the implied warranty of habitability in the sale of a new home.
On August 29, 1977 Hovey Reed contracted to buy a new home from Arlee Crocker, d/b/a Crocker Realty Company, and James G. DeLoach for $40,200. The house was built by A.C. Whitley pursuant to a written contract between Crocker and Whitley.
Shortly after Reed moved into his home, he noticed cracks in the walls and other evidence of settling of the house. Reed notified defendants and requested that repairs be made. Crocker contacted the builder, Whitley, about the problem. Whitley undertook to make the necessary repairs.
Even after repairs were made, Reed continued to have problems. The evidence showed that cracks appeared in the mortar around the bricks. The porch sank. Reed also had a problem with water collecting in his carport.
In 1979 Reed attempted to sell the house. He found a buyer and entered into a sales contract. The buyer was apprised of the defects in the home. Defendants refused to extend any warranties to the buyer. As a result, the buyer rescinded the contract.
On March 5, 1980 Reed filed the present action against defendants. Defendants filed a third-party action against A.C. Whitley. Prior to trial Whitley agreed to purchase the house from Reed for $49,000. Reed then entered into a release with Whitley. Whitley was then dismissed from the suit.
A jury trial was held on May 20, 1981. The defendants filed motions for a directed verdict which were denied. The jury returned a verdict in favor of Reed and assessed damages against defendants as $9,000. Defendants later filed motions for j.n.o.v. and new trial which were denied. As a result, defendants have appealed to this court and Reed cross-appealed. Subsequent to oral argument, Reed made a motion, pursuant to Alabama Rules of Appellate Procedure, rule 42, to have his cross-appeal dismissed. This motion is granted.
The sole issue on appeal is whether the trial court erred in refusing to direct a verdict for defendants at the close of plaintiff's evidence.
Defendants contend that there is no evidence to support the jury's verdict and, therefore, their motion for directed verdict should have been granted. Jury verdicts are presumed correct and will not be disturbed on appeal unless clearly wrong or unjust. Floyd v. Headland National Bank, 406 So.2d 424
(Ala.Civ.App. 1981). Moreover, where there is some evidence to support a jury's verdict, the motion for a directed verdict is properly denied. Turner v. Peoples Bank, 378 So.2d 706 (Ala. 1979). In the present case we find not only that there is some evidence to support the jury's verdict, but we find also that the verdict is not clearly wrong or unjust.
Defendants argue that Reed was fully compensated when he sold the house to Whitley for $49,000. The evidence adduced at trial showed that the fair market value of the property without defects at the time of the sale to Whitley was $49,000. Therefore, defendants argue that Reed fully recovered any damages which he may have suffered.
The measure of damages in a suit for the breach of warranty of habitability is the difference in the reasonable market value of the house in its condition at the time it was purchased and the reasonable market value of the house as it would have been had the house been constructed substantially according to the contract or warranty. Hubbard BrothersConstruction Co. v. Brackner, 390 So.2d 648 (Ala.Civ.App. 1980). *Page 287 
In the present case Reed purchased this home for $40,000. There is testimony to indicate that the house was worth only $12,000 in its defective condition at the time of purchase. From this evidence the jury could set damages at $28,000.
At the time of the sale to Whitley, the testimony indicates that the home was worth $25,000 in its defective condition. As a result the jury was instructed that $24,000 of $49,000 Whitley paid for the home was damages for breach of warranty. The jury was instructed to subtract $24,000 from any damages they assessed. Figuring that Reed showed damages of $28,000, the jury upon subtracting the $24,000 could assess damages for $4,000.
Further, the jury was instructed that they could award interest at the rate of six percent from the time that Reed was entitled to recover damages. The jury could have concluded that Reed was entitled to damages at the time he purchased the house. As we have stated, the evidence indicates that Reed had damages of $28,000 at the time of the purchase. The jury could have assessed interest at six percent on this $28,000. Interest on this amount from 1977 until the time of the sale in 1981 would amount to approximately $6,000. This would bring Reed's total damages to approximately $34,000. Taking into account the credit for $24,000, the jury could certainly have assessed damages at $9,000.
Defendants, however, argue that once Reed accepted the $24,000 from Whitley as part of his damages, Reed could not then recover interest on this amount. At one time the rule in Alabama was that where interest was recoverable other than under contract, the right to such interest was not a distinct claim and could be recovered only with the principal. This rule, however, was rejected in the recent case of Thomas v.Liberty National Life Insurance Co., 368 So.2d 254 (Ala. 1979). Therefore, Reed was entitled to recover interest on the total amount of his damages without regard to the fact that he recovered part of the principal amount of his damages prior to trial.
Looking at the evidence, we cannot find that the jury's verdict is so contrary to the evidence as to require reversal. As a result, the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result.