On July 9, 1994, Scott McDonald (the "contractor") agreed to build a house for David and Jeannie Schwartz (the "homeowners"). The homeowners provided the plans and specifications, and the contractor agreed to construct the dwelling for $129,000.
On April 24, 1995, the contractor sued the homeowners for breach of contract, payment for goods and materials furnished, and damages due on account. He also sought a lien on the homeowners' real property. The homeowners answered and counterclaimed for damages due to breach of contract, breach of express and implied warranties, placement of an illegal lien on their property, and mental anguish.
Following a bench trial, the circuit court entered a judgment denying all of the contractor's claims except the one for goods and materials furnished to the homeowners. On that claim, the trial court entered a judgment for the contractor in the amount of $8,258.85. The trial court denied all of the homeowners' *Page 1232 
claims except the ones alleging breach of express and implied warranties. On those claims, the court entered a judgment for the homeowners in the amount of $16,315.91. The net effect of the trial court's ruling was a judgment against the contractor in the amount of $8,057.06. The contractor appeals; we affirm.
The contractor argues that the trial court erred in ruling for the homeowners on their counterclaim alleging breach of warranty because, he insists, the homeowners failed to allow him to perform the work covered by the warranty. The contractor assumes, without citing any authority, that he was entitled to be given the chance to correct the defects in his work. His contract with the homeowners, however, did not limit the homeowners to the remedy of repair or replacement of defective materials or workmanship in the event of a breach of warranty.
The contract is imprinted with the contractor's business logo, and it appears that the contractor drafted it. General Clause (c) of the agreement states that the contractor agreed "to complete the construction pursuant to the plans and specifications in a good and workmanlike manner." General Clause (i) states that the contractor "provide[d] for a one-year warranty to cover materials and workmanship shown to be defective."
At trial, the contractor conceded that there were defects in his workmanship. He claimed, however, that the homeowners were not entitled to recover for breach of contract because they ordered him not to return to the construction site after December 4, 1994, and thereby prevented him from remedying the defects.
In the contract, the contractor provided for a warranty of his materials and workmanship, but he did not modify or limit the homeowners' remedies in the event of a breach. "[T]he failure to construct [a] house in a workmanlike manner . . . constitutes [a] breach." Stephens v. Creel, 429 So.2d 278, 280
(Ala. 1983). "After the breach of a contract has given rise to a cause of action, the rights of the innocent party are not affected by an offer to perform by the party who has broken the contract." 17A Am.Jur.2d Contracts § 725 at 737.
Contracting parties may, and often do, limit by agreement the non-breaching party's remedies in the event of breach. Although Article 2 of the Uniform Commercial Code (U.C.C.) does not apply here because this case does not involve a sale of goods, the U.C.C. is instructive. Section 7-2-719, Ala. Code 1975, states that an "agreement may provide for remedies in addition to or in substitution for those provided in this article and may limit or alter the measure of damages recoverable under this article, as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair orreplacement of nonconforming goods or parts." (Emphasis added.)
Where the parties have set out in a written contract the warranties agreed upon and have provided a remedy in case of a breach of warranty, the remedy thus provided is exclusive,see Ala. Code 1975, § 7-2-719(2), but where no remedy for breach is provided by the contract, the non-breaching party may elect the remedy he wishes to pursue under general contract law, see 17A Am.Jur.2d Contracts § 725 (1991). In the absence of a contract provision requiring the homeowners to allow the contractor to repair warranty items, the homeowners were entitled to treat the contractor's admittedly defective workmanship as a breach of contract and to resort to the usual remedies for breach.
The following facts in this case were undisputed: There were defects in the contractor's workmanship, and the homeowners failed to give the contractor the opportunity, after December 4, 1994, to cure those defects. However, both the nature and the extent of the defects were contested at trial. Because the trial court entered its judgment after an ore tenus proceeding, there is a presumption of correctness as to the court's findings on issues of fact. Gaston v. Ames, 514 So.2d 877 (Ala. 1987). The judgment will not be disturbed unless it is clearly erroneous, with-out supporting evidence, manifestly unjust, or against the great weight of the evidence. Id. Here, the trial court was authorized to conclude that, on December 4 when the homeowners refused to allow the contractor *Page 1233 
further access to their property, the contractor had already breached the warranty that he would construct the dwelling in a good and workmanlike manner.
 " ' "Breach" consists of the failure without legal excuse to perform any promise forming the whole or part of the contract. Where the defendant has agreed under the contract to do a particular thing, there is a breach and the right of action is complete upon his failure to do the particular thing he agreed to do.'
 "[Seybold v. Magnolia Land Co.,] 376 So.2d [1083] at 1085 [(Ala. 1979)]. In the case before us, Creel allegedly failed to construct the house in the workmanlike manner the contract called for. Therefore, under Seybold, the breach was actionable at that time."
Stephens v. Creel, 429 So.2d at 281 (emphasis added by the court in Stephens).
It appears that the trial court may have awarded damages to the homeowners based on their estimate of the cost ofrepairing their residence. That, however, is not the correct measure of damages. In Stephens v. Creel, supra, our supreme court held that a homeowner's damages for the contractor's "failure to construct the house in a workmanlike manner" were "measured by the difference between the fair market value of the property as it was constructed, and the fair market value of the property as it should have been constructed."429 So.2d at 280 (emphasis in original). See also S.S. Steele Co., Inc.v. Pugh, 473 So.2d 978, 982 (Ala. 1985); Crocker v. Reed,420 So.2d 285 (Ala.Civ.App. 1982). That issue, however, does not appear to have been brought to the attention of the trial court and cannot be made the basis of reversal.
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., dissents.