2009 UT App 356

**DEER CREST ASSOCIATES I, LC, Plaintiff and Appellant,**

v.

**SILVER CREEK DEVELOPMENT GROUP, LLC, Defendant and Appellee.**

**No. 20090108–CA.**

Court of Appeals of Utah.

Dec. 3, 2009.

Eric G. Easterly, Park City, for Appellant.

Evan A. Schmutz and Andrew V. Wright, Provo, for Appellee.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

DAVIS, Judge:

¶ 1 Deer Crest Associates I, LC (Deer Crest) appeals from the district court's dismissal of its complaint with prejudice. The district court determined that Deer Crest had waived any right to seek a judicial remedy because (1) Deer Crest failed to timely file a demand for arbitration, which failure resulted in the dismissal of the arbitration claim, and (2) the parties knowingly and intentionally agreed to submit any claim or dispute exclusively to binding arbitration. We affirm.

## BACKGROUND

¶ 2 In July 2005, Deer Crest and Silver Creek Development Group, LLC (Silver Creek) entered into an agreement governing the construction of a portion of a condominium project (the Agreement).[1] The Agreement contains a mandatory arbitration clause (the arbitration clause), which states as follows:

> *All claims, disputes and other matters* in question between the parties to this Agreement, arising out of or relating to this Agreement or the breach thereof, *shall* be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association unless the parties mutually agree otherwise. Notice of the demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. The demand *shall be made within thirty (30) days after the claim, dispute or other matter in question has arisen* .... The award rendered by the arbitrators shall be final, and judgment may be entered upon it in

---

1. At oral argument, counsel for Silver Creek stated that Deer Crest drafted the Agreement. The record is unclear—and the parties do not address in their briefs—whether this is true.

accordance with applicable law in any court having jurisdiction thereof. The prevailing party shall be entitled to recover a reasonable attorney[ ] fee in addition to any other relief granted by the arbitrators.

(Emphasis added.)

¶ 3 In February 2007, Deer Crest terminated the Agreement for Silver Creek's alleged failure to timely comply with the terms thereof. In December 2007, Deer Crest filed a complaint against Silver Creek in district court alleging a breach of the Agreement, which complaint Silver Creek moved to dismiss, arguing that the action was untimely pursuant to the thirty-day demand period in the arbitration clause. Alternatively, Silver Creek asked the district court to compel arbitration. The district court subsequently denied Silver Creek's motion to dismiss, ordered the parties "to arbitrate the dispute in accordance with the terms of their contract" and stayed the judicial proceedings "pending completion of the arbitration."

¶ 4 In March 2008—more than a year after it terminated the Agreement with Silver Creek—Deer Crest filed a Notice of Intent to Arbitrate, thus commencing arbitration proceedings. Silver Creek filed a motion to dismiss the arbitration proceeding. In August 2008, the arbitrator concluded that Deer Crest had failed to file a demand for arbitration "within thirty (30) days after the claim, dispute or other matter in question ha[d] arisen" as required by the arbitration clause and, accordingly, issued a written ruling granting Silver Creek's motion to dismiss.

¶ 5 Following the arbitrator's decision, Deer Crest filed in the district court a motion to lift the stay to allow it to litigate its claims, which motion Silver Creek opposed. After oral argument on the motion, the district court dismissed Deer Crest's complaint with prejudice and awarded Silver Creek its reasonable attorney fees. Deer Crest now appeals.

## ISSUES AND STANDARD OF REVIEW

¶ 6 Deer Crest challenges the district court's conclusion that Deer Crest waived any right to a judicial remedy because "the parties knowingly and intentionally agreed to submit any claim or dispute arising out of the Agreement to binding arbitration and agreed to be bound by . . . the thirty (30) day limitation on the time for filing an arbitration demand." "Interpretation of the terms of a contract is a question of law. Thus, we accord the trial court's legal conclusions regarding the contract no deference and review them for correctness." *Pack v. Case*, 2001 UT App 232, ¶ 16, 30 P.3d 436 (internal quotation marks omitted).

¶ 7 Deer Crest also argues that the district court erred in construing the thirty-day demand period as a statute of limitations or, alternatively, that the thirty-day demand period is an unreasonable period of limitations for bringing an action in contract. Because these issues also involve the district court's legal interpretation of a contract provision, they are reviewed non-deferentially for correctness. *See AOK Lands, Inc. v. Shand, Morahan & Co.*, 860 P.2d 924, 925 (Utah 1993).

## ANALYSIS

I. The District Court Properly Dismissed Deer Crest's Complaint with Prejudice.

¶ 8 Deer Crest contends that the trial court erred in determining that it had waived its right to pursue a judicial remedy because there was no evidence—either in the Agreement itself or from inference—that Deer Crest knowingly and intentionally waived the right to litigate any claims or disputes arising from the Agreement. We disagree. It is well settled that "parties can agree to arbitrate any controversy," *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 33, 44 P.3d 663, and that " '[a]n agreement . . . to submit to arbitration *any* existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract,' " *Duke v. Graham*, 2007 UT 31, ¶ 21, 158 P.3d 540 (quoting Utah Code Ann. § 78-31a-107 (2002)). Moreover, parties waive their right to a judicial determination when they expressly agree to arbitrate, and

such a waiver comports with due process.[2] *See id.* ¶¶ 23–24.

¶ 9 In this case, Deer Crest and Silver Creek—sophisticated parties to a million-dollar contract—expressly agreed to mandatory arbitration of "[a]ll claims, disputes and other matters in question . . . arising out of or relating to th[e] Agreement or the breach thereof." The parties further agreed that the demand for arbitration "shall be made within thirty (30) days after the claim, dispute or other matter in question has arisen." Deer Crest concedes in its reply brief that it "did not file its demand for arbitration within the 30 day time period required by [the arbitration clause and] therefore waived its right to arbitration under the [Agreement]." Indeed, "[w]here a party is contractually bound to follow certain procedures and timelines in order to invoke specified contractual rights, *and the party fails to do so, the party waives his or her rights.*" *Kenny v. Rich,* 2008 UT App 209, ¶ 24, 186 P.3d 989 (emphasis added).[3] Accordingly, the district court did not err in determining that Deer Crest waived its right to arbitration.

¶ 10 Notwithstanding that Deer Crest concedes it waived any right to arbitration, it nonetheless contends that it retains the right to pursue an alternative legal remedy, i.e., litigate its claims in district court. Again, we disagree. That Deer Crest waived its right to arbitrate does not obviate the fact that Deer Crest knowingly and intentionally agreed to arbitration as the exclusive method to seek a remedy for any claims or disputes arising from the Agreement. Deer Crest may not now, having failed to comply with the terms of the arbitration clause, abandon the Agreement, thereby *unilaterally* reliev-

ing itself of the exclusive method of seeking a remedy to which it agreed. In other words, Deer Crest may not allow the thirty-day demand period to lapse and then, having waived its right to arbitration, pursue a different legal remedy that was neither contemplated nor bargained for by the parties. *Cf. McDonald v. Schwartz,* 706 So.2d 1230, 1232 (Ala.Civ.App.1997) ("Where the parties have set out in a written contract the warranties agreed upon and have provided a remedy . . . the remedy thus provided is exclusive."); *Tyson Foods, Inc. v. Archer,* 356 Ark. 136, 147 S.W.3d 681, 687 (2004) ("[O]ne party cannot limit another party to the exclusive remedy of arbitration, while retaining the ability to pursue other judicial remedies for themselves. . . . [T]here is no mutuality [of promises] where one party uses an arbitration agreement to shield itself from litigation, while at the same time reserving its own ability to pursue relief through the court system."). As such, we conclude that the district court did not err in determining that Deer Crest had no right to litigate its claims where it expressly and exclusively agreed to mandatory arbitration and thereafter waived its right thereto.

## II. The Thirty–Day Demand Period in the Arbitration Clause Is Not Unreasonable.

¶ 11 Assuming, without deciding, that the thirty-day demand period was improperly construed by the district court to be a statute of limitation, we are unconvinced that the demand period in the arbitration clause is unreasonable. Utah courts follow the general principle that parties may contractually limit the time in which to bring an action in

---

2. Deer Crest summarily contends that failure to allow it to pursue a judicial remedy constitutes a denial of its rights under both the due process clause and the open courts provision of the Utah Constitution. This issue has already been settled by the Utah Supreme Court, and we need not belabor it here. Rather, it is enough to say that "arbitration proceedings do not violate either [the due process clause or the open courts provision] so long as the parties have waived their right to a judicial proceeding through an express agreement to arbitrate." *Duke v. Graham,* 2007 UT 31, ¶ 24, 158 P.3d 540; *see also Jenkins v. Percival,* 962 P.2d 796, 799 (Utah 1998). Deer Crest and Silver Creek signed an express agree-

ment to arbitrate any claims or disputes arising from the Agreement. Accordingly, we see no constitutional concerns with the district court's refusal to allow Deer Crest to litigate its claims.

3. We note that *Kenny v. Rich,* 2008 UT App 209, 186 P.3d 989, is factually distinguishable from this case because the arbitration clause in that case was optional, not mandatory. *See id.* ¶ 6 n. 1. However, the general legal principle—that parties waive contractual rights if they fail to follow the procedures or timelines necessary to invoke those rights—is nonetheless applicable.

contract to a period shorter than that of the applicable statute of limitations, so long as the limitation is reasonable. *See Order of United Commercial Travelers of Am. v. Wolfe,* 331 U.S. 586, 608, 67 S.Ct. 1355, 91 L.Ed. 1687 (1947) ("[I]n the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period."); *cf. Crookston v. Fire Ins. Exch.,* 817 P.2d 789, 797 (Utah 1991) ("We have previously said that contractual limitations on the time in which to bring actions on insurance contracts[,] if reasonable, are valid, binding, and enforceable." (citation and internal quotation marks omitted)).

¶ 12 Deer Crest provides little analysis as to why, exactly, the thirty-day demand period in the arbitration clause is unreasonable. Instead, Deer Crest simply contends that due to the nature of construction contracts, thirty days is "inherently unreasonable" because "parties to [construction] contract[s] would be filing demands for arbitration every thirty days in order to protect their rights" and "the construction project would grind to a halt under the weight of arbitration filings." We conclude that Deer Crest's argument is simply untenable given the circumstances of this case. First, it was Deer Crest that terminated the Agreement against Silver Creek. As the party terminating the contract, Deer Crest controlled the date "the claim, dispute or other matter in question" arose and thus controlled the date by which the thirty-day demand period commenced. Accordingly, Deer Crest's argument that the demand period is essentially too unpredictable to be reasonable is without merit. Second, Deer Crest knowingly entered into the Agreement and, as such, was in a position to define its rights and duties from the outset. By entering into the Agreement, Deer Crest expressly consented to the arbitration clause and agreed to bring any claim against Silver Creek within thirty days after any claim or dispute arose. Because Deer Crest expressly agreed to be bound by the demand period

in the arbitration clause, and because parties may contractually agree to limit the time in which to bring an action, we conclude that the demand period was not per se unreasonable.

## CONCLUSION

¶ 13 The district court did not err in determining that Deer Crest had no right to seek a judicial remedy where it had expressly agreed to mandatory arbitration. Furthermore, even assuming the district court improperly construed the thirty-day demand period as a statute of limitation, the demand period was not, given the circumstances, unreasonable. Affirmed.

¶ 14 WE CONCUR: RUSSELL W. BENCH and WILLIAM A. THORNE JR., Judges.